12222

BURN v. EVENING POST PUBLISHING COMPANY

and three other cases

(138 S. E., 520)

1. LIBEL AND SLANDER—PARAGRAPH OF ANSWER, ALLEGING NO COMPLAINT WAS MADE OF PUBLICATION, AND DEFENDANT WAS NOT INFORMED INFORMATION THEREIN CONTAINED WAS ERRONEOUS, HELD DEMURRABLE.—Allegation of answer in libel action to effect that no complaint had been made as to publication, and that defendant was never informed that information was erroneous, and would have been glad and willing to publish correction, *held* demurrable, as not constituting a defense either by way of mitigation of damages or otherwise.

2. LIBEL AND SLANDER—ANSWER, ALLEGING BELIEF THAT PISTOLS WERE FOUND ON PLAINTIFF, HELD DEMURRABLE, WHERE ALLEGED ·LIBELOUS MATTER CHARGED PLAINTIFF'S CONVICTION FOR CARRYING CONCEALED WEAPONS.—Where alleged libelous matter published in defendant's paper contained statement that plaintiff had been convicted and fined for carrying concealed weapons, paragraph of answer, alleging that defendant was informed and believed that pistols were found on plaintiff at time of his arrest, *held* demurrable, in that it did not plead truth of alleged libelous matter.

Before BONHAM, J., Charleston, March, 1926.    Affirmed.

Separate actions by Thomas M. Burn, an infant, by William P. Sullivan, his guardian *ad litem,* and by William M. Sims, an infant, by Annie L. Sims, his guardian *ad litem,* and by George D. Kleckley, an infant, by George R. Kleckley, his guardian *ad litem,* and by Wade L. Murray, against the Evening Post Publishing Company. From an order in

each case sustaining a demurrer to certain defenses pleaded in answers, defendant separately appeals.    Affirmed.

The complaint, omitting the formal portions thereof, is as follows:

*First:* That defendant is now and at the times hereinafter mentioned was a corporation duly created by and existing under the laws of the State of South Carolina and engaged in the business of the publication of a newspaper in the City of Charleston, South Carolina, which newspaper is known as the *Charleston Evening Post,* and of which paper the defendant is, and at all times hereinafter mentioned was, the publisher and proprietor, and which newspaper has, and at the times hereinafter mentioned had, large circulation both in the City of Charleston and in the State of South Carolina.

*Second:* That on or about the 30th day of April, 1925, the defendant did wantonly, recklessly, wilfully and maliciously compose and publish in said newspaper, thereby causing the same to be widely circulated as aforesaid, certain false, defamatory and libelous matter concerning the plaintiff as follows, to wit:

"Rural Cases

"Several Arrests Made During Past Few Days

"Reports made to Sheriff Joseph M. Poulnot show that the rural policemen have been active during the week in rounding up law violators.

"Rural Policemen John Behrens and Henderson report the arrest of four men for carrying concealed weapons, giving their names as Simmons, Kleckley, Murray and Burns.    They were taken before Magistrate W. D. Blumenberg, Adams Run, and fined $5 each."

*Third:* That the reference in said publication to Burns was intended to apply to him, the plaintiff herein, because the mention therein of this plaintiff (although calling him "Burns"), and because said plaintiff had been arrested and carried before said Magistrate, W. D. Blumenberg, at

Adams Run, and was necessarily understood by those who read it and who were acquainted with plaintiff and the circumstances set out in said article and by the public generally to apply to the plaintiff.

*Fourth:* That the defendant by such publication falsely published, and meant to publish, the plaintiff as being a violator of the statute law of South Carolina and as being a law-breaker, and as having had a trial and upon the evidence produced being found guilty of violating the law of South Carolina, and of having been fined by a magistrate for so doing.

*Fifth:* That the said statements so published to the effect that plaintiff was a law-breaker and had violated the statutory law of South Carolina by carrying concealed weapons, and had been fined by a magistrate for this offense, were false and untrue and were willful, malicious, defamatory and libelous, and said defendant, if it had had any consideration whatsoever for the rights of said plaintiff or his standing in the community, or any regard for the accuracy of said published statement, could easily have ascertained the said statement as published as to said plaintiff having been fined for carrying concealed weapons was absolutely false, the fact and the truth being that when said plaintiff was taken before said Magistrate Blumenberg said Magistrate held that there was no evidence of plaintiff having committed any offense whatever and dismissed plaintiff.

*Sixth:* That said plaintiff is a young man just on the threshold of life, has always borne a good reputation and has had a good social standing among his friends and acquaintances and the public generally, and that said false, defamatory, willful and malicious, libelous statements tended and tend to hold the said plaintiff up to ridicule, scorn, contumely and contempt in the minds of his fellow citizens; to brand him as a convicted law-breaker and law-violator, to place him in disrepute and to disgrace him and to lose him the respect and esteem of his friends and acquaintances and

the public generally and injure his entire future prospects in business and otherwise, and that by reason of said false, defamatory, willful and malicious, libelous publication, this plaintiff has been injured in his reputation, has suffered great mental anguish, and has been otherwise injured to his damage Twenty-five Thousand ($25,000.00) Dollars.

*Wherefore,* plaintiff demands judgment against the defendant in the sum of Twenty-five Thousand ($25,000.00) Dollars, together with the costs of this action.

### AND FOR A FURTHER DEFENSE

This defendant alleges:

*First:* That the defendant is a corporation engaged in the business of gathering and publishing information and news of a general and impersonal character and that the article published in the said newspaper referred to and set out in the said complaint was published in the regular course of its business and was obtained from the records and reports filed in the office of the Sheriff of Charleston County by the rural policeman or other officers who made the arrest therein referred to and this defendant believed the information there obtained to be true and correct and that the same was published without any intent to injure or damage plaintiff.

The portions of the answer involved in this appeal were as follows:

### AND FOR A FURTHER DEFENSE

This defendant alleges:

*Second:* That no complaint in regard to the said publication was made to defendant nor was it ever informed that the information therein contained was erroneous at any time from the time of the said publication, to wit: the 30th day of April, 1925, down to date of the service of the summons and complaint in this action and this defendant would have been glad and willing to have published any correction

of the said report if the said report was erroneous, or incorrect.

## AND FOR A FURTHER DEFENSE

This defendant alleges:

*Third:* That it is part of the business of this defendant as the publisher of a newspaper containing general news to publish proceedings of the Courts and this was and is done by the defendant without any malice or intent to injure or damage the plaintiff or any other person, but is and was done in the regular course of business as cases of this character may be brought from time to time by officers for which this defendant is not in any way responsible and has no connection therewith.

## AND FOR A FURTHER DEFENSE

This defendant alleges:

*Fourth:* That defendant is informed and verily believes that certain weapons, to wit, pistols, were found by the rural policemen who made the arrest of the plaintiff, which were alleged to have been in his custody and possession and that defendant is informed the said plaintiff owned or had an interest in said pistols.

## AND FOR A FURTHER DEFENSE

This defendant alleges:

*Fifth:* That the article as set out in the said complaint and published by the defendant was true and correct in that the article itself shows on its face that it was a mere publication of the report made by certain rural policemen and the said article was a true record of the report so made.

*Wherefore,* Having fully answered, this defendant prays that it be forthwith dismissed with its costs.

*Messrs. Charles W. Waring* and *Waring & Brockinton,* for appellant, cite: *Mitigating circumstances, not amounting to a complete defense, may be offered in evidence, in actions for libel and slander as in other civil actions:* 17 R. C. L., 446; 16 S. C., 435; Sec. 426, Vol. I, Code 1922; 65 S. C., 135; 1 Nott & McC., 268.

*Messrs. Logan & Grace,* for respondents, cite: *When newspaper has libelled a person a duty is imposed upon it to make a full and complete retraction; injured party not bound to mitigate his own damages:* 65 Wash., 1; Ann. Cas., 1913-B, 639. *Defendant cannot plead that slanderous words were either false or true:* 95 S. C., 95; 17 R. C. L., 325. *Cannot offer in mitigation of damages for libel or slander evidence of facts unknown at time of utterance:* 17 R. C. L., 446; 9 L. R. A., 624; 63 L. R. A., 447. *Publishers bound to exercise reasonable precautions to verify truth of statements and to prevent injurious publication against others; must be absence of negligence:* 3 L. R. A., 535.

June 16, 1927.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The above four cases are actions against the defendant, based on alleged libel and slander contained in a publication in the *Charleston Evening Post,* a newspaper owned by the defendant. All of these cases arose out of the same transaction and publication; the allegations of the complaint and of the answers being practically identical. The Circuit Judge sustained demurrers interposed to the defenses pleaded in the seventh and ninth paragraphs of the answers. The questions raised by the appeal in the four cases are the same. We shall consider the appeal in the first case, and the decision in that case will dispose of the others as well.

The defense contained in the seventh paragraph of the answer is as follows:

"Seventh. That no complaint in regard to the said

publication was made to defendant, nor was it ever informed that the information therein contained was erroneous at any time from the time of the said publication, to wit, the 30th day of April, 1925, down to date of the service of the summons and complaint in this action, and this defendant would have been glad and willing to have published any correction of the said report, if the said report was erroneous, or incorrect."

The appellant contends that, in sustaining the demurrer to the defense set up in this paragraph, the Circuit Judge erred, for the reason that the allegations therein contained constitute a defense (1) by way of mitigation of damages, (2) against malice and willfulness alleged in the complaint, and (3) as showing failure on the part of the plaintiff to mitigate any damages that might have accrued from the publication.

We do not agree with this contention. We know of no statute or rule of law imposing upon the plaintiff the obligation or duty, in an action for libel, to advise the defendant that it had published a libel or made an erroneous statement concerning him, or to request that correction be made. Certainly, testimony in support of an allegation by the defendant that "it would have been glad and willing to have published any correction of the said report, if the said report was erroneous, or incorrect," had any complaint been made to it in regard to the said publication, would not be admissible in mitigation of damages.

In the case of *Coffman v. Spokane Chronicle Publishing Co.,* 65 Wash., 1; 117 P., 596; Ann. Cas., 1913-B, 636 (cited by the respondent), in disposing of a similar question raised in that case, the Court said:

"No judicial decision, rule of law, or existing statute has been cited which imposes upon the plaintiff in an action for libel the duty of requesting any further publication from the defendant. Moreover, there is not in the record any

evidence that the appellant informed respondents the columns of its paper were open to them. When a newspaper has libeled a person, the duty is imposed upon it to make a full and complete retraction. If it does so, it may plead and show such retraction in mitigation of damages, as appellant has done in this action. An offer to the person libeled to publish any reasonable or truthful statement he may desire will not of itself constitute a correction of the wrong, nor will it deprive the libeled party of the right to recover damages, if he does not avail himself of the offer."

The Circuit Judge also correctly sustained the demurrer to the defendant's defense set up in the ninth paragraph of the answer. This paragraph is as follows:

"Ninth. That defendant is informed and verily believes that certain weapons, to wit, pistols, were found by the rural policemen who made the arrest of the plaintiff, which were alleged to have been in his custody and possession, and that defendant is informed the said plaintiff owned or had an interest in said pistols."

The alleged libelous matter published in the defendant's paper contains the statement that the plaintiff had been convicted and fined for carrying concealed weapons, and hence charges him with being a violator of the law. The above defense does not plead the truth of the alleged libelous matter; it does not even allege that plaintiff's possession of the pistol was unlawful. If the defendant desired to prove, by way of mitigation of damages, that the plaintiff had in his possession a concealed weapon, though he was not convicted on such charge, it should have so pleaded.

Even if the plaintiff had a pistol in his possession, or owned an interest in one, such fact alone would not constitute a defense to the alleged libel. An allegation of that kind would not enable the defendant to introduce testimony to prove that the plaintiff was carrying a concealed weapon.

If defendant desired to offer testimony to that effect, it
should have inserted in its answer an appropriate allega-
tion.

The judgment of this Court is that the order appealed
from in each of the said four cases be affirmed.

MESSRS. JUSTICES BLEASE and CARTER concur.

MR. JUSTICE COTHRAN (dissenting) : The above-stated
case and three others by William M. Sims, George D. Kleck-
ley, and Wade L. Murray were instituted against the de-
fendant for damages on account of an alleged libel in the
publication of an article in the *Charleston Evening Post* to
the effect that the plaintiffs had been. arrested and fined
under the charge of carrying concealed weapons. The four
cases arose out of the same publication; the allegations of
the complaints and answers are identical; they were heard
together in this Court; and the conclusion in the case above
stated will apply to the other three.

The appeal is from an order of his Honor, Judge Bon-
ham, sustaining a demurrer to the seventh and eighth para-
graphs of the answer, considered as separate defenses. Let
the complaint and the answer be incorporated in the report
of the case.

We do not consider the paragraphs objected to as con-
stituting separate defenses, but as explanatory of the cir-
cumstances under which the publication was made. Under
the well-established rule that a demurrer must go to the
entire answer or to a separate defense of the answer, the
order might well be reversed upon this ground, but, waiv-
ing this point, we will consider the paragraphs as to their
relevancy in sustaining the general defense of the defendant.

The seventh paragraph alleges that no complaint was ever
made of the publication, and that the defendant was never
informed that its information was erroneous; that it would
have been willing and glad to have published any correction
of the report, if erroneous.

In view of the contention of the defendant that the pub-

lication was based upon information received at the legitimate source of such information—the Sheriff's office, of the charges of willfulness and wantonness of the defendant in connection with the publication, of the well-established rule that all of the circumstances connected with the publication which shed light upon the motive of the publisher, and of the right of the defendant to offer in evidence mitigating circumstances, we think that the circumstance alleged was entirely proper. Certain it is that evidence on the part of the plaintiff that the defendant had promptly been informed of its error and had refused or failed to correct it would be admissible upon the issue of its malicious intent. If the plaintiff be allowed to establish such malicious intent, it seems but fair that the defendant be allowed to negative it. Upon the trial of the case, surely the defendant would be entitled to make this showing as evidencing its want of malicious intent. To strike it out of the answer would necessarily, by *res adjudicata,* deprive it of that opportunity.

The ninth paragraph alleges that pistols were found by the rural policeman who made the arrest, which were alleged to have been in the custody of the plaintiff and that he owned or had an interest in them.

If, as a matter of fact, the defendant could show that the plaintiff was actually carrying concealed weapons, and was actually violating the law, notwithstanding his acquittal, the fact would have bearing upon the amount of damages which the jury may allow. His reputation as a peaceful, law-abiding citizen would hardly be seriously damaged if such fact should appear. The defendant is entitled to show all the surrounding circumstances, particularly under a charge of malicious intent.

The judgment of this Court should be that the order in each of the four cases sustaining the demurrer in the matters complained of be reversed.

Mr. Chief Justice Watts concurs.