RIVERS v. FLORENCE PRINTING CO. *ET AL.*

(139 S. E., 781)

1. PLEADING—A DEMURRER ADMITS ALLEGATIONS OF COMPLAINT.— A demurrer admits as true allegations of the complaint, sufficiency of which is questioned.

2. LIBEL AND SLANDER—COMPLAINT HELD TO STATE CAUSE OF ACTION FOR LIBEL AGAINST NEWSPAPER PUBLISHING COMPANY.—In action for libel, complaint alleging that defendant was publishing certain newspaper, that plaintiff was traveling salesman of automobile parts, that he believed he was the only person by the name of Rivers traveling by automobile and selling auto parts in that part of the State, that he was married and had three children, that he was rather slim and of dark complexion, and that on a particular date defendant published an item: "Mother wants to find eloping daughter. L. A., 14 year old daughter of Mrs. A. L. A., * * * left home Sunday night supposedly with a friend, named Rivers. * * * Rivers is a traveling salesman, selling auto parts. He is rather slim, dark complexion and travels in a cherry colored car * * *"—and alleging damages, *held* sufficient to state a cause of action.

3. LIBEL AND SLANDER—QUALIFIED PRIVILEGE IS AFFIRMATIVE DEFENSE, NOT AVAILABLE ON DEMURRER TO COMPLAINT.—The defense that the communication complained of was qualifiedly privileged cannot be availed of on demurrer, but must be pleaded as an affirmative defense.

Before SHIPP, J., Florence. Affirmed.

Action by W. W. Rivers against the Florence Printing Company and another. From an order overruling a demurrer to the complaint, defendants appeal.

The following are the complaint, demurrer, order, and exceptions:

## COMPLAINT

The plaintiff above named, complaining of the defendants herein, alleges:

(1) That at the times hereinafter mentioned the defendant Florence Printing Company was and now is a corporation duly created and existing under the laws of the State of South Carolina, for the purpose of the publication of a certain newspaper called the *Morning News Review,* which has a general circulation among subscribers thereto throughout the State of South Carolina; and the defendant J. B. Parnell was manager of said newspaper and conducting the business of and for the said corporation.

(2) That at the times hereinafter mentioned the plaintiff was a resident of the County of Richland, in the State of South Carolina, and was employed as a traveling salesman by Glasgow-Stewart & Co., of Charlotte, N. C., and in the course of his employment by said company this defendant traveled through a large portion of the State of South Carolina, and through the Counties of Florence and Darlington, in an automobile, selling auto parts to various dealers, and upon information and belief this plaintiff alleges that he is the only person by the name of Rivers traveling by automobile and selling auto parts in that section of South Carolina in which the Counties of Florence and Darlington are situate.

(3) That on the 4th day of June, 1924, plaintiff was a married man and the father of three infant children, all under the age of nine years, and with his said family resided in the City of Columbia, in the State of South Carolina.

(4) That the plaintiff is rather slim and of dark complexion.

(5) That, on the 4th day of June, 1924, the defendants herein willfully and maliciously composed and published in said *Morning News Review,* a newspaper, of and concerning the plaintiff, the following false and defamatory matter, to wit: "Mother wants to find eloping daughter. Lillian Atkins, 14 year old daughter of Mrs. A. L. Atkins, of Dovesville, left home Sunday night supposedly with a friend, named Rivers, 35 years of age, and has not been seen since. The girl is 5 feet 5 inches tall, has blue eyes, bobbed hair, light complexion, weighs 100 pounds. Rivers is a traveling salesman, selling auto parts. He is rather slim, dark complexion, and travels in a cherry colored car. Any information regarding the whereabouts of the couple will be greatly appreciated by the girl's mother at Dovesville, S. C.,—the said false and defamatory matter being printed on the front page of said newspaper.

(6) That by reason of the said publication the plaintiff has been greatly injured in his reputation, his credit and business, has suffered loss of trade with the dealers to whom he sells, the happiness of his home has been threatened, and he has been deprived of gains and profits which otherwise he would have made, and has sustained great loss and injury otherwise on account of the said publication, to his damage in the sum of ten thousand ($10,000.00) dollars.

Wherefore plaintiff demands judgment for the sum of $10,000, and for the cost and expenses of this action.

### DEMURRER

Now come the defendants above named by their attorneys, the subscribers hereto, not waiving but specifically reserving the right to answer and demur to the complaint on the grounds that it appears upon the face of the complaint that the said complaint does not state facts sufficient to constitute a cause of action, in that:

First. That the publication, as alleged in paragraph 5 of said complaint, was obviously not calculated to injure the plaintiff in his business reputation and standing.

Second. That the publication was not inspired by malice.

Third. That the publication was not intended to impeach the reputation of plaintiff and to thereby injure him in his business.

Fourth. That the alleged libelous matter is not actionable either as a libel *per se* or as a libel *per quod*.

Fifth. That there is a complete absence of any allegation as to any charge which the defendants intended to make, and which those to whom the newspaper in question was sent understood to be made.

Wherefore the defendants pray judgment that the complaint of the plaintiff be dismissed at the costs and expense of the plaintiff.

## ORDER OF JUDGE SHIPP

The above matter comes before me upon a demurrer interposed by the defendants to the complaint in that it does not state a cause of action. After hearing argument of counsel, it is ordered that the demurrer be and the same is hereby overruled, and that the defendants have 20 days within which to answer the complaint in this action after the service of a copy of this order upon them.

## EXCEPTIONS

I. It is respectfully submitted that his Honor Judge Shipp erred in overruling the demurrer in that it appears upon the face of the complaint that it does not state facts sufficient to constitute a cause of action in that:

First. That the publication, as alleged in paragraph 5 of said complaint, was obviously not calculated to injure the plaintiff in his business reputation and standing.

Second. That the publication was not inspired by malice.

Third. That the publication was not intended to impeach the reputation of the plaintiff, and to thereby injure him in his business.

Fourth. That the alleged libelous matter is not actionable either as libel *per se* or as libel *per quod.*

Fifth. That there is a compete absence of any allegation as to any charge which the defendants intended to make, and which those to whom the newspaper in question was sent understood to be made.

*Mr. W. Stokes Houck,* for appellants, cite: *Court should not countenance effort on part of plaintiff to impute from language used a violation of* Sec. 372, *Code:* 129 S. C., 242. *Publication was a privileged communication:* 25 Cyc., 275, 385; 17 R. C. L., 341; 34 Atl., 865. *Unless libelous per se there must be allegations of special damages, otherwise demurrer will be sustained:* 5 A. L. R. Ann., 1349. *"Action-*

*able libel":* 239 Pac., 1035; 114 S. C., 48; 116 S. C., 77; 76 S. C., 510.

*Mr. D. E. Ellerbe,* for respondent, cites: *Demurrer admits publication of the alleged libelous matter, its falsity and presence of malice:* 17 R. C. L., 398. *In order for matter to be libelous per se it is not necessary that it charge the commission of a crime:* 71 S. C., 116; 77 S. E., 54.

October 7, 1927.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by the plaintiff W. W. Rivers, against the defendants Florence Printing Company, a corporation, and J. B. Parnell is a suit for $10,000 damages on account of certain alleged libelous matter published in the *Morning News Review,* a newspaper published by the defendant Florence Printing Company. The defendants demurred to the complaint upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

The matter came on for a hearing before his Honor Judge Shipp, who issued an order overruling the demurrer and giving unto the defendants 20 days within which to answer the complaint. From this order the defendants have appealed to this Court. The complaint, demurrer, order, and exceptions will be reported.

In view of the full discussion of the law governing
1, 2  this case in the recent decisions of this Court (see
*Burn v. Evening Post,* 140 S. C., 21; 138 S. E., 520; *Murphy v. News and Courier,* 139 S. E., 189, 141 S. C., 51; and *Duncan v. Record Publishing Co., et al.,* filed September 21, 1927), we consider it unnecessary to enter into a discussion of the law at this time. Bearing in mind the principle that, for the purpose of consideration of a demurrer, the demurrer admits as true allegations of the complaint, and giving to the allegations the liberal construction to which

they are entitled under the rule, we are clearly of the opinion that the complaint states a cause of action.

Appellants take the position that the demurrer should have been sustained on the ground that "the communication was qualified privileged and made on an occasion which commanded the publication of the same," citing as authorities for this position 25 Cyc., 275 and 385, and 17 R. C. L., 341. The defendants cannot get the benefit of the defense "qualified privilege" without setting it up as an affirmative defense.

The exceptions are overruled, and it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

Mr. Chief Justice Watts and Messrs. Justices Cothran, Blease and Stabler concur.