15488

STOKES v. GREAT ATLANTIC & PACIFIC TEA COMPANY

(23 S. E. (2d), 823)

August, 1942.

Mr. L. A. Hutson, of Orangeburg, Counsel for Appellant,

Mr. Julian S. Wolfe and Mr. M. E. Zeigler, both of Orangeburg, Counsel for Respondent,

January 12, 1943.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES:

This appeal is from an order of the Circuit Court sustaining a demurrer to the complaint upon the ground that it does not state a cause of action for slander, which was intended, and the sole question is whether such was error.

Appellant's printed argument contains a three-page ▋ "brief" of the complaint which is the source of the following summary of the allegations, which latter of course must be taken as true for the purpose of the consideration of the demurrer.

Appellant was employed to perform the duties of cashier in a new store of respondent in the City of Orangeburg, about to be opened, and while familiarizing herself therewith was addressed by one of the managers and under the circumstances as follows: " * * * and after commenting on his work as Manager, in the presence of a number of other parties that were in and about the store, in a tone of voice that would indicate disrespect and lack of consideration, stated, 'You all got Negroes in this town, and I mean white ones. What is wrong with your white men that there are so many white Negroes?' ".

It was further alleged in the complaint that some time later, on the opening day, another of the managers of the store placed a colored employee in the small enclosure in which appellant was working as cashier, whose duties were

the checking and handling of customers' purchases, and in his work he "made sarcastic remarks about the way the plaintiff was handling and checking the goods, in the presence of said manager and other employees and customers." Plaintiff complained of this to the general manager, that she had been humiliated, hurt and slandered, as quoted in the foregoing paragraph, and by the presence and acts of the Negro employee, directed to assist her by another manager, and stated that something should be done about it, and thereupon the manager said to plaintiff in the presence of other employees and customers "in a sarcastic, highly disrespectful tone of voice, * * * 'Oh, you will have to get used to mingling.' "

The complaint also contains matter apparently intended to constitute innuendo whereby it was alleged in effect that the statements conveyed the meaning that the appellant was immoral, lewd and unchaste, that such was the natural and ordinary import of the words and so understood by the hearers; and that the statements so published were malicious, slanderous and untrue, causing appellant humiliation, suffering, etc. These allegations are palpably conclusions of the pleader and the words were properly scrutinized by the Court to determine whether the conclusions are reasonably justified.

The following excerpts are from the opinion of this Court in *Jackson v. Record Publishing Company*, 175 S. C., 211, 178 S. E., 833, 835:

"When the language alleged to be libelous, or slanderous, is plain and unambiguous, and admits of but one reasonable construction, it becomes a matter of law for the action and determination of the court.

* * * * *

" 'The inference of hurt arising out of facts in order to become actionable must be such an inference as is established by the general consent of men, and the inference must be judged of by the Court in the first instance.' 17 R. C. L.,

264; *McGregor v. State Co.,* 114 S. C. [48], 53, 103 S. E. 84."

See, also, *Galloway v. Cox,* 172 S. C., 101, 172 S. E., 761, for another application of the foregoing rules and an interesting discussion in the opinion by the present Chief Justice of this Court of the distinctions between actions for libel and for slander; likewise instructive is *Lily v. Belk's Department Store,* 178 S. C., 278, 182 S. E., 889.

Unquestionably the publication of a charge of unchastity of plaintiff would have been slanderous *per se,* that is, special damage need not be alleged or proved. *Buffkin v. Pridgen,* 154 S. C., 53, 151 S. E., 105. And it was proper by innuendo to allege the meaning claimed to have been intended and conveyed. *Culler v. Great A. & P. T. Co.,* 183 S. C., 352, 191 S. E., 67. But an innuendo cannot make words actionable which are not so by their plain and ordinary meaning. 33 Am. Jur. 220, 221. South Carolina cases, *supra.*

It is interesting to note that the case of *Culler, supra,* was against the same defendant here sued, and the counsel engaged are practically the same. In that case, which this Court held should be determined by jury, the words were spoken of and concerning the plaintiff, directed at her, while here they were not. Furthermore, the words alleged in this action are plainly not susceptible of the meaning alleged by the innuendo, a question first for the Court which properly disposed of it on demurrer, so the decision appealed from is not in conflict with the *Culler case* or any of the other decisions brought to our attention.

The words were undoubtedly impolite, coarse and vulgar and were inconsiderately used to and before plaintiff, but they are not reasonably susceptible of an actionable meaning under the law, hence we find no error in the dismissal of the complaint on demurrer.

Judgment affirmed.

Mr. Chief Justice Bonham, and Messrs. Associate Justices Baker and Fishburne, and Circuit Judge G. Dewey Oxner, Acting Associate Justice, concur.