15853

BELL v. BANK OF ABBEVILLE

(38 S. E. (2d), 641)

*Messrs. Nicholson & Nicholson,* of Greenwood, and *Ralph J. Syfan,* of Abbeville, for appellant,

*Messrs. J. M. Nickles* and *J. Moore Mars,* of Abbeville, for respondent,

June 24, 1946.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the Opinion of the Court.

The defendant is a banking institution, incorporated under the laws of the state of South Carolina, with its principal place of business at Abbeville. The amended complaint contains three separately stated causes of action, based upon slander.

In the first cause of action, it is alleged that J. M. Mars was president of the bank, J. A. Verchot was vice-president and a director, and T. A. Sherard was cashier. The plaintiff was employed as teller. That on June 22, 1945, about seven o'clock p. m., Sherard telephoned the plaintiff requesting his presence at the bank. Upon his arrival, Sherard, after making certain malicious charges against the plaintiff, telephoned Mr. Mars and Mr. Verchot, who were awaiting the call. They immediately came to the bank; whereupon, in the presence of Mars and Verchot, Sherard made the following alleged malicious, false, and defamatory statements of and concerning the plaintiff:

"Prue (meaning the plaintiff), there have been several complaints of you shortchanging people".  *  *  * "Prue, you know this thing about Jimmie the Greek, he said you got that $6.77 check, and two people saw you take that check out of there, Prue".  *  *  * "John Beauford told me that instead of you shortchanging him $20.00, it was $35.00".  *  *  * "Prue, they have set a trap for you". "I have been marking money in the stamp box, and $2.00 were taken out of the box". "A colored woman left an envelope with $26.00 in it on the table and when it was handed

in to you you put it iside, and when she came back for it you counted out $16.00 to her". "Something happened here the the other day about Homer Wilson's boy and $1.08". "There was a one dollar bill in the exchange box and when we checked up there was only sixty cents in it". "The said T. A. Sherard further stated, 'I don't see but one thing to do. I think it is best for him (meaning the plaintiff) to quit. I have told him to take a vacation and come back and resign and say it is on account of his health.' "

The second cause of action alleges that Sherard maliciously uttered substantially the same false and defamatory statements hereinabove set forth concerning the plaintiff, to one J. S. Morse.

The third cause of action is identical with the second, differing from it only in that the publication is alleged to have been made to one W. H. White.

The defendant demurred to the complaint upon various grounds. The circuit court sustained the demurrer as to the plaintiff's first cause of action in part, and overruled all other grounds. Both parties have appealed.

Under the first ground of demurrer, the defendant contends that the amended complaint shows on its face that all matters mentioned in each of the three causes of action were privileged, were spoken on privileged occasions to privileged persons, and therefore as a matter of law are not actionable. On the other hand, the plaintiff claims that if the occasion was privileged, the communication was made in malice, was false and actuated by ill will, and hence, exceeded the privilege.

Privileged communications or publications are of two kinds: 1. Absolute; 2. Conditional or qualified. When the communication is absolutely privileged, no action will lie for its publication, no matter what the circumstances under which it is published. When qualified, however, the plaintiff may recover if he shows that it was actuated by malice.

In determining whether or not the communication was qualifiedly privileged, regard must be had to the occasion and to the relationship of the parties. When one has an interest

in the subject-matter of a communication, and the person (or persons) to whom it is made has a corresponding interest, every communication honestly made, in order to protect such common interest, is privileged by reason of the occasion. The statement, however, must be such as the occasion warrants, and must be made in good faith to protect the interests of the one who makes it and the persons to whom it is addressed. *Smith v. Youmans,* 3 Hill, 85, 21 S. C. L., 43; *Switzer v. American Ry. Exp. Co.,* 119 S. C., 237, 112 S. E., 110, 26 A. L. R., 819; *Bosdell v. Dixie Stores Co.,* 168 S. C., 520, 167 S. E., 834. The case of *Rodgers v. Wise,* 193 S. C., 5, 7 S. E. (2d), 517, relied upon by the bank, is not applicable because decided upon an entirely different state of facts.

On the face of the amended complaint, the alleged defamatory statements appear to have been made upon a privileged occasion. But whether or not the privilege was exceeded is an issue to be met upon the trial of the case, in which the burden will be upon the plaintiff to show express or actual malice. This question cannot be decided upon a demurrer to the complaint. The defendant cannot get the benefit of the defense of qualified privilege without setting it up as an affirmative defense. *Rivers v. Florence Printing Co.,* 141 S. C., 364, 139 S. E., 781.

The protection of privilege extends generally to remarks made in the prosecution of an inquiry regarding a crime which has been committed; and for the purpose of detecting and bringing the criminal to punishment. Whether the communications in the case at bar were so made as to bring them within the protection of that privilege, will depend upon the establishment of the essential facts at the trial. *Switzer v. American Ry. Exp. Co., supra.*

Ordinarily, proof of a defamatory publication, charging another with the commission of a crime, makes out a *prima facie* case of malice in the author. But a privileged communication is an exception to the rule. In such case the presumption of malice is rebutted. The effect is to cast upon the plaintiff the necessity of showing malice in fact—that is,

that the defendant was actuated by ill will in what he did and said, with the design to causelessly and wantonly injure the plaintiff. This actual malice, resting as it must upon the slanderous matter itself, and the surrounding circumstances tending to prove fact and motive, is a question to be determined by the jury. The circuit judge so held with reference to this ground of the demurrer as it relates to all of the causes of action, and we affirm this portion of his order.

The court also held that publication of the alleged defamatory communications in the first cause of action was not sufficiently alleged, for the reason that the only persons alleged to have been persent with the plaintiff were the three officers of the defendant bank, namely, its president, its vice-president, and its cashier. This ruling overlooks the principle which we have already adverted to, and that is, if actual malice is shown the protection of privilege is destroyed.

If it should develop upon trial that Mr. Sherard, the cashier, was not privileged, because of malice, to make the alleged slanderous statements, the publication to the other officers of the bank would be sufficient to render the slander actionable. The slanderous statements alleged to have been made by Sherard would be regarded as privileged only if made in good faith. As was said in *Smith v. Youmans, supra*:

"* * * Malice is, however, the essential ingredient which entitles the plaintiff to recover; and whatever may be the occasion of the speaking, except perhaps that of being in the course of a trial in a court of justice by a judge or witness, it is competent for the plaintiff to reply in evidence, and to show express malice; to prove that the words were not spoken *bona fide,* but that the occasion was used only as a pretext for venting the defendant's malice. The circumstances themselves, the manner of speaking, the temper manifested, without extrinsic evidence, may be enough to indicate malice, and to deprive the defendant of the benefit he might have derived from the occasion of the speaking.

But this is always a question for the jury, whether the words spoken, if actionable in themselves, were spoken maliciously, and with a defamatory intention."

If the defense of qualified privilege should not be sustained, it follows that the uttering of the alleged slander in the presence of the named officers of the bank would supply the element of publication. Hence, as to all three causes of action, we hold that publication is sufficiently alleged.

We agree with the circuit court that it was not necessary to allege special damages. Any oral statement which falsely or maliciously charges another with the commission of a crime is actionable *per se* if proof of the commission of the act of which the party is accused would subject him to an indictment for a crime involving moral turpitude. The alleged slanderous communications set forth in the complaint clearly charged the plaintiff with larceny or breach of trust, and it was not necessary to allege special damages.

Another ground of defendant's demurrer charged that there was imp oper joinder of two causes of action in the first cause of action, that is, slander and conspiracy. It is not the office of a demurrer to raise a question of this kind. However, upon a careful examination of the allegations contained in the first cause of action, we do not think that it embodies a statement of two causes. The gist of the action is slander. Allegations relating to conspiracy on the part of certain of the officers of the bank to injure the plaintiff may be considered as aggravating the wrong of which the plaintiff complains.

It is finally charged that it is not sufficiently alleged in the amended complaint that Mr. Sherard, the cashier, and Mr. Verchot, the vice-president, were acting for the bank. Paragraph nine of the complaint clearly shows that there is no merit in this contention. It is very definitely stated that the alleged malicious and slanderous words spoken of and concerning the plaintiff were uttered by Mr. Sherard, the cashier, and Mr. Verchot, the vice-president, as agents of the bank.

Judgment affirmed in part and reversed in part; and the defendant is hereby granted twenty days from the sending down of the remittitur within which to further plead or answer.

MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER concur. MR. ACTING ASSOCIATE JUSTICE J. HENRY JOHNSON did not participate.