17474

Mrs. Thelma C. DRAKEFORD, Appellant, v. DIXIE HOME
STORES, Respondent
(105 S. E. (2d) 711)

520

*A. S. Herrimon, Esq.,* of Sumter, *for Appellant,*

*Messrs. Weinberg & Weinberg,* of Sumter, *for Respondent,*

November 11, 1958.

Moss, Justice.

The appellant, Mrs. Thelma C. Drakeford, instituted this action against Dixie Homes Stores, Inc., the respondent, to recover damages on account of certain alleged slanderous words spoken of and concerning the appellant by the manager of a store of the respondent.

The complaint alleges that the appellant had been a patient in Tuomey Hospital in the City of Sumter, and while there was permitted to brew and have coffee in her room. The appellant was discharged from the said hospital and returned to her home on July 18, 1957. She left at the hospital some articles of personal property, including a small jar of coffee which she asserts had been purchased for her by her brother before her discharge from the hospital. The appellant returned to the hospital on July 19, 1957 for the purpose of obtaining the articles of personalty left there upon her discharge. She placed the small jar of coffee in a shoulder bag which she was wearing, leaving the top of said bag open. Thereafter, she went to the self service store of the respondent for the purpose of purchasing groceries. The appellant used a wire push cart in which she placed the groceries selected by her in the store of the respondent, and when she had completed the selection of her groceries, she carried the articles in the push cart to the counter of the cashier where they were taken out of said cart and placed on the counter. After the cashier had checked the articles so purchased the appellant paid the purchase price thereof. The appellant then alleges that as she started to leave the cashier's counter, the top of her shoulder bag still being open and the jar of coffee therein being visible, the manager of the store said to the appellant, in the presence of the cashier and other persons, "Have you paid for that coffee you have got in your bag?" The appellant asserts that she took the coffee out of her bag and explained to the manager that the coffee had not been purchased in the store of respondent. Whereupon, the manager turned away and started to the rear of the store. The complaint alleges that the appellant then stated to the cashier, in the presence of others, referring to the manager, "He has deliberately charged me with stealing this coffee."

The complaint also contains allegations apparently intended to constitute *innuendo* whereby it was alleged in effect that the statement of the manager conveyed the mean-

ing that the appellant was guilty of the crime of larceny; that such was the natural and ordinary import of the words used and so understood by the hearers; that the said charge and accusation so made was willful, malicious, false and slanderous, causing the appellant embarrassment, humiliation, mental pain and distress. These allegations are conclusions of the pleader, and it is for this Court to determine whether the conclusions are justified.

The respondent demurred to the complaint upon the grounds which may be summarized as follows: (a) That the words alleged to have been spoken do not impute to the appellant the commission of any criminal or actionable offense; (b) In that the words alleged to have been spoken by appellant show that they were spoken as an invitation to slander; (c) In that the properly pleaded facts do not show any intent on the part of the respondent to charge an actionable offense.

The lower Court sustained a demurrer to the complaint upon the ground that it does not state a cause of action for slander. In the order of the lower Court, the following is stated: "As a matter of law the question of the manager was as to a matter of concern to both plaintiff and himself and therefore privileged."

The appellant, upon three exceptions, poses the following questions: (1) Was the trial Judge in error in sustaining the demurrer upon the ground of privilege? (2) Was the trail Judge in error in sustaining the demurrer upon the ground that the question or words complained of were invited? (3) Was the trial Judge in error in sustaining the demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action?

We agree with the appellant that in an action for slander the issue of privilege is a matter of defense and hence is not ordinarily available on demurrer.

In the case of *Rivers v. Florence Printing Co.,* 141 S. C. 364, 139 S. E. 781, 782, this Court said:

"Appellants take the position that the demurrer should have been sustained on the ground that 'the communication was qualifiedly privileged and made on an occasion which commanded the publication of the same,' citing as authorities for this position 25 Cyc., 275 and 385, and 17 R. C. L., 341. The defendants cannot get the benefit of the defense 'qualified privilege' without setting it up as an affirmative defense."

In the case of *Bell v. Bank of Abbeville*, 208 S. C. 490, 38 S. E. (2d) 641, 643, it was said:

"On the face of the amended complaint, the alleged defamatory statements appear to have been made upon a privileged occasion. But whether or not the privilege was exceeded is an issue to be met upon the trial of the case, in which the burden will be upon the plaintiff to show express or actual malice. This question cannot be decided upon a demurrer to the complaint. The defendant cannot get the benefit of the defense of qualified privilege without setting it up as an affirmative defense. *Rivers v. Florence Printing Co.*, 141 S. C. 364, 139 S. E. 781."

There is an excellent discussion of how the defense of privilege in a defamation action may be raised in 51 A. L. R. (2d), at page 552. The two South Carolina cases above referred to, and from which we have quoted, are cited in this annotation. We think that whether the words spoken by the manager of respondent were privileged is a matter of defense and not a question for determination by demurrer.

The second question presented by this appeal is whether the words alleged to have been spoken by the appllant show that they were spoken as an invitation to slander. We do not think that this question is properly before this Court for decision. A review of the order sustaining the demurrer of the respondent to the complaint reveals that the trial Judge did not pass upon or hold that the words complained of in the complaint were invited.

In the recent case of *Simonds v. Simonds,* 229 S. C. 376, 93 S. E. (2d) 107, 112, we said:

"It is elementary that where a Circuit Judge has not in anywise passed upon a question asserted in this court, it is not properly before us for decision. Numerous cases so hold, among them being *Momeier v. John McAlister, Inc.,* 190 S. C. 529, 3 S. E. (2d) 606. *Richardson v. General Motors Acceptance Corporation,* 221 S. C. 14, 68 S. E. (2d) 874. *Johns v. Town of Allendale,* 204 S. C. 44, 28 S. E. (2d) 533. *Nalley v. Metropolitan Life Insurance Company,* 178 S. C. 183, 182 S. E. 301."

The exception posing the foregoing question is overruled.

In considering the third question raised by this appeal, we must keep in mind what was said in the case of *Oliveros v. Henderson,* 116 S. C. 77, 106 S. E. 855, 857. We quote therefrom the following:

"The demurrers admit the facts alleged in the complaint, but do not admit the inferences drawn by plaintiffs from such facts, and it is for the court to determine as to whether or not such inferences are justifiable; that is, to determine if the language used in the publication can fairly or reasonably be construed to have the meaning attributed to it by the plaintiff."

In the case of *Jackson v. Record Publishing Co.,* 175 S. C. 211, 178 S. E. 833, 835, this Court said:

"When the language alleged to be libelous, or slanderous, is plain and unambiguous, and admits of but one reasonable construction, it becomes a matter of law for the action and determination of the court. If said language be ambiguous, or doubtful of meaning, it should be left to the jury to determine in what sense it was used, and what its meaning is.

\* \* \*

" 'The inference of hurt arising out of facts in order to become actionable must be such an inference as is established by the general consent of men, and the inference must be judged of by the Court in the first instance.' 17 R. C. L., 264; *McGregor v. State Co.,* 114 S. C. 53, 103 S. E. 84."

Unquestionably, if the words spoken charge the crime of larceny, they are slanderous *per se*. *Merritt v. Great A. & P. Tea Co.,* 179 S. C. 474, 184 S. E. 145; *Flowers v. Price,* 192 S. C. 373, 6 S. E. (2d) 750. Where the words spoken are slanderous *per se,* special damage need not be alleged or proved. *Buffkin v. Pridgen,* 154 S. C. 53, 151 S. E. 105; *Stokes v. Great A. & P. Tea Co.,* 202 S. C. 24, 23 S. E. (2d) 823. It is also proper by *innuendo* to allege the meaning claimed to be have been intended and conveyed. *Culler v. Great A. & P. Tea Co.,* 183 S. C. 352, 191 S. E. 67. Words not actionable by their plain and ordinary meaning cannot be made so by *innuendo*. *Stokes v. Great A. & P. Tea Co., supra; Timmons v. News & Press, Inc.,* 232 S. C. 639, 103 S. E. (2d) 277.

In *Culler v. Great A. & P. Tea Co., supra,* a definition of *innuendo* is given from Newell on Libel and Slander, at page 588, in the following language:

"An *innuendo* in pleading is an explanation of the defendant's meaning by reference to some antecedent matter * * * but it cannot add or enlarge, extend or change the sense of the previous words, and the matter to which it alludes must always appear from the antecedent parts of the pleading. It is necessary only when the intent may be mistaken or where it cannot be collected from the defamatory matter itself. It is a statement by the plaintiff of the construction which he puts upon the words himself, and which he will endeavor to induce the jury to adopt at the trial." 33 Am. Jur., Libel and Slander, para. 241, at pages 220-221.

In the case of *Hospital Care Corporation v. Commercial Casualty Insurance Company,* 194 S. C. 370, 9 S. E. (2d) 796, 800, this Court said:

"* * * The Court will not hunt for a forced and strained construction to put on ordinary words, but will construe them fairly, according to their natural and reasonable import, in the plain and popular sense in which the average reader naturally understands them. There is no presumption of defamation."

526

Considering the averments of the complaint, in the light of the foregoing authorities, it is clear that the language used by the manager of respondent to the appellant, did not charge her with the crime of larceny. Hence, the words used were not actionable *per se,* nor could the *innuendo* make the words actionable when they were not so by their plain and ordinary meaning. In other words, the statement alleged to have been made by the manager of the respondent does not charge the appellant with the crime of larceny, nor can the language used be fairly or reasonably construed to have the meaning attributed to it by the appellant.

The complaint alleges that after the manager of the respondent had said to the appellant, "Have you paid for that coffee you have got in your bag?", that the manager started towards the rear of the store, and that then the appellant said, referring to the manager, "He has deliberately charged me with stealing this coffee." The statement of the appellant cannot make the words spoken by the manager of the respondent slanderous.

We find no error on the part of the lower Court in dismissing the complaint on demurrer. The fact that the trial Judge may have committed error in considering the question of privilege, discussed above, does not necessitate a reversal of the order sustaining the demurrer to the complaint.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.