**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robert Stro Snipes, Appellant,

v.

City of Belton and VetCor of Spartanburg, LLC.,
Respondents.

Appellate Case No. 2024-000155

———————————

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

———————————

Unpublished Opinion No. 2025-UP-147
Submitted April 1, 2025 – Filed April 30, 2025

———————————

**AFFIRMED**

———————————

Gregory Lee Cole, Jr., of Cox & Cole, Attorneys at Law, of Williamston, for Appellant.

Jeffrey Carl Kull and Diana Marie August, both of Murphy & Grantland, PA, of Columbia, for Respondent City of Belton.

Peter George Siachos and William James Blount, both of Gordon & Rees LLP, of Charleston, for Respondent VetCor of Spartanburg, LLC.

———————————

**PER CURIAM:** Robert Stro Snipes appeals the circuit court's orders granting summary judgment in favor of the City of Belton (City) and VetCor of Spartanburg, LLC (VetCor; collectively, Respondents) on his claims for malicious prosecution, false arrest, false imprisonment, and defamation. On appeal, he argues the circuit court erred in (1) finding there were no genuine issues of material fact as to his malicious prosecution cause of action against City, and to his malicious prosecution, false arrest, and false imprisonment causes of action against VetCor; (2) finding there were no genuine issues of material fact as to his defamation claim against VetCor; and (3) granting summary judgment when discovery had not yet been completed. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the circuit court did not err in granting summary judgment as to Snipes's claims for false arrest, false imprisonment, and malicious prosecution. *See Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002) ("When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the [circuit] court pursuant to Rule 56(c), SCRCP."); *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 459, 892 S.E.2d 297, 299 (2023) ("[T]he moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (alterations in original) (quoting Rule 56(c), SCRCP)); *Fleming*, 350 S.C. at 493-94, 567 S.E.2d at 860 ("When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party."); *Kitchen Planners*, 440 S.C. at 463, 892 S.E.2d at 301 ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine." (quoting *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013))). First, false arrest and false imprisonment are the same causes of action in South Carolina. *See Carter v. Bryant*, 429 S.C. 298, 306, 838 S.E.2d 523, 527 (Ct. App. 2020) ("False arrest in South Carolina is also known as false imprisonment."). Further, there is no cause of action for false arrest if the arrest warrant was facially valid, and Snipes does not challenge whether the arrest warrant was facially valid. *See id.* at 306, 838 S.E.2d at 528 ("It has long been the law that one arrested pursuant to a facially valid warrant has no cause of action for false arrest."). Second, as to the malicious prosecution claim, there was probable cause to institute proceedings against Snipes at the time of his arrest for a violation of section 47-1-40(B) of the South Carolina Code (2017). *See Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 436, 629 S.E.2d 642, 649 (2006) ("[A]n essential element of malicious prosecution is the institution of judicial proceedings without probable

cause against the plaintiff.").  At the time of Snipes's arrest, the information available to City included images of Snipes's former pet cat Skye, Skye's veterinarian records, and interviews with an employee at VetCor, which collectively indicated Skye was in a poor condition and suffering for a period of at least two months and that Snipes refused to either permit treatment or euthanasia of Skye for that period.  *See Kinton v. Mobile Home Indus., Inc.*, 274 S.C. 179, 181, 262 S.E.2d 727, 728 (1980) ("Probable cause in this context does not turn upon the plaintiff's guilt or innocence, but rather upon whether the facts within the prosecutor's knowledge would lead a reasonable person to believe the plaintiff was guilty of the crimes charged.").  Furthermore, although probable cause is usually a question for the jury, the evidence yields only the conclusion that a reasonable person would believe Snipes violated section 47-1-40(B).  *See Pallares v. Seinar*, 407 S.C. 359, 367, 756 S.E.2d 128, 132 (2014) ("Whether probable cause exists is ordinarily a jury question, but it may be decided as a matter of law when the evidence yields only one conclusion."); § 47-1-40(B) ("A person who . . . inflicts excessive or repeated unnecessary pain or suffering upon an animal or by omission or commission causes these acts to be done, is guilty of a felony . . . .").

2.  We hold the circuit court did not err in granting summary judgment to VetCor on Snipes's defamation claim.  *See Fleming*, 350 S.C. at 493, 567 S.E.2d at 860 ("When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the [circuit] court pursuant to Rule 56(c), SCRCP."); *Kitchen Planners*, 440 S.C. at 459, 892 S.E.2d at 299 ("[T]he moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (alterations in original) (quoting Rule 56(c), SCRCP)); *Fleming*, 350 S.C. at 493-94, 567 S.E.2d at 860 ("When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party.").  Snipes acknowledged VetCor's statements were protected by a qualified privilege, but he asserted VetCor acted with actual malice because the animal control officer's incident report did not indicate VetCor told the officer Snipes agreed to euthanize Skye, which he argued showed VetCor intentionally withheld this information. However, the affidavit of the animal control officer who spoke with VetCor explicitly stated she "was informed that Skye had suffered for many months before he was euthanized on January 19, 2021."  Accordingly, Snipes has not shown there was a genuine issue of material fact as to whether VetCor's statement was made with actual malice.  *See Bell v. Bank of Abbeville*, 208 S.C. 490, 494, 38 S.E.2d 641, 643 (1946) ("The protection of privilege extends generally to remarks made in the prosecution of an inquiry regarding a crime which has been committed; and for

the purpose of detecting and bringing the criminal to punishment."); *Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 334 S.C. 469, 484, 514 S.E.2d 126, 134 (1999) ("Where the occasion gives rise to a qualified privilege, there is a prima facie presumption to rebut the inference of malice, and the burden is on the plaintiff to show actual malice or that the scope of the privilege has been exceeded."); *id.* at 485, 514 S.E.2d at 134 ("To prove actual malice, the plaintiff must show that the defendant was activated by ill will in what he did, with the design to causelessly and wantonly injure the plaintiff; or that the statements were published with such recklessness as to show a conscious disregard for plaintiffs rights.").

3.  Although Snipes avers the circuit court erred by granting summary judgment on his causes of action before discovery was completed, we hold the circuit court did not err because Snipes did not demonstrate that further discovery would uncover additional relevant evidence.  *See Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) ("Summary judgment is a drastic remedy and must not be granted until the opposing party has had a full and fair opportunity to complete discovery."); *id.* ("Nonetheless, the nonmoving party must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party is 'not merely engaged in a "fishing expedition."'" (quoting *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 544 (1991))); *id.* at 70-71, 580 S.E.2d at 439 (holding the party "[is] not permitted to simply rest on the allegations in their complaint, especially where . . . the majority of the factual allegations are conclusory in nature").

**AFFIRMED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.