11956

PRICKETT v. WESTERN UNION TEL. CO.

(132 S. E., 587)

LIBEL AND SLANDER—COMPLAINT IN ACTION FOR PUBLICATION OF ALLEGED LIBELOUS TELEGRAM HELD INSUFFICIENT TO STATE CAUSE OF ACTION.—In action for damages for publication of alleged libelous telegram, where complaint alleged that "collect" telegram was delivered on promise of plaintiff addressee's wife that plaintiff would call and pay charges, that plaintiff's wife later called, and was told that there was no charge against plaintiff, that delivering agent later telegraphed sending agent, "Yours of the 3d C R P—, signed O B L—, Party promised to pay and refused," *held* language of telegram was not libelous *per se,* and, in absence of allegation of special damage or extrinsic facts and circumstances which would render it libelous *per se,* complaint was insufficient to state a cause of action.

Before DENNIS, J., Calhoun, April, 1925. Reversed and complaint ordered dismissed.

Action by C. L. Prickett against the Western Union Telegraph Company. From an order overruling a demurrer to the complaint, defendant appeals.

*Mr. Francis R. Stark* and *Nelson & Mullins,* for appellant, cite: *What constitutes libel:* 114 S. C., 48; 103 S. E.,

84; 93 S. C., 77; 1 Nott & McC., 347. *Libel per se and libel per quod distinguished:* 116 S. C., 77; 106 S. E., 865. *Libel per se:* 129 S. C., 242; 124 S. E., 7; 76 S. C., 510; 57 S. E., 478; Townsend on Libel & Slander, 4th Ed., Secs. 146–8; 14 A. & E. Enc. Law, 2nd Ed., 915; 18 A. & E. Enc. L., 916. *When charge of failure to pay debts is libelous:* 83 P., 573; 3 L. R. A. (N. S.), 339. *Words may become libelous per se when written in regard to a man's profession:* 1 Nott & McC., 290; 96 N. Y., 372; 48 Am. Rep., 632; 1 Sand., 155; 1 Den., 250; 44 Am. Dec., 667; 59 Mo. App., 225; 151 Mass., 567; 8 L. R. A., 524; 9 C. P., 118; 43 L. J. C. P., 84; 30 L. T. R. (N. S.), 58; 26 Cyc., 327; 17 R. C. L., 296. *Words not libelous per se if susceptible of reasonable interpretation excluding defamatory imputation:* 129 S. C., 242; 124 S. E., 7; 122 A., 383; 209 S. W., 208; 209 S. W., 885; 158 S. W., 904. *When language not libelous per se inducement must be alleged:* 129 S. C., 242; 124 S. E., 7; 116 S. C., 77; 106 S. E., 865; 76 S. C., 510; 57 S. E., 470; 13 Enc. Pl. & Pr., 32. *Necessary to allege that words not libelous per se were understood in defamatory sense:* 76 S. C., 513; 57 S. E., 478; 209 S. W., 885; Newell on Libel & Slander, 3d Ed., Sec. 362. *Duty of Court to declare when words are plainly libelous or not libelous:* 116 S. C., 77; 106 S. E., 865; 114 S. C., 48; 103 S. E., 84; 93 S. C., 476; 77 S. E., 51; 76 S. C., 513; 57 S. E., 478. *innuendo can only interpret words; Court to say if the words will bear interpretation given in innuendo:* 129 S. C., 242; 124 S. E., 7; 116 S. C., 77; 106 S. E., 865; 76 S. C., 510; 57 S. E., 478; Newell on Libel & Slander, 4th Ed., 589; 17 R. C. L., 398.

*Messrs. W. R. Symmes* and *Wolfe & Berry,* for respondent, cite: *Telegraph Company liable for transmitting libelous matter:* 126 S. E., 653. *Demurrer not well taken:* 116 S. C., 84; 93 S. C., ——. *Words not actionable if spoken, may be actionable if written:* 179 N. C., 571; 103 S. E., 136.

April 8, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Appeal from an order overruling a demurrer to the complaint, interposed by the defendant, in an action in which the plaintiff seeks to recover damages for the alleged publication of a libelous telegram.

The telegram upon which the action is based was sent by the agent of the company at St. Matthews, under the following circumstances, as detailed substantially in the complaint:

The plaintiff lives at St. Matthews, and about October 1, 1924, while hunting near Charleston, lost a dog. He requested Sheriff Limehouse, of Dorchester County, to assist him in finding the dog. On October 3d, Limehouse telegraphed, "collect", to the plaintiff at St. Matthews that the dog had been found, and was being shipped to him by express. The telegram was received by the wife of the plaintiff, who advised the delivery agent that the plaintiff would call at his office within a short time and pay for the "collect" message. That within a reasonable time thereafter the plaintiff's wife called at the St. Matthews office for the purpose of paying for the message, and was advised by the agent there that there was no message there for the plaintiff and no charge or account for said message against him. That thereafter, on October 8th, the agent at St. Matthews wired the agent at Summerville: "Yours of 3d C. R. Prickett, signed O. B. Limehouse Party promised to pay and refused." This telegram was delivered to Sheriff Limehouse, in an effort evidently to collect the tolls at that end of the line. This telegram, written, uttered, published, and delivered to Limehouse, is the basis of the action for libel.

The action was commenced on October 28, 1924. On November 19th the attorneys for the defendant served a written demurrer to the complaint as follows:

"Now comes the defendant, Western Union Telegraph Company, by Nelson & Mullins, its attorneys, and demurs to the complaint of the plaintiff herein on the ground that it appears upon the face thereof that the said complaint does not state facts sufficient to constitute a cause of action, in that:

"(1) It appears from the allegations of the complaint that the publication attributed to the defendant is neither defamatory nor libelous, and is, therefore, not actionable.

"(2) Because the publication or language attributed to the defendant is not libelous *per se,* and there is no allegation of any special damage sustained by the plaintiff.

"(3) Because the alleged defamatory words are not actionable·*per se* and there are no allegations of any extrinsic facts and circumstances from which the publication complained of could fairly or reasonably be construed to have any libelous or defamatory meaning."

The matter was heard before his Honor, Judge Dennis, who signed a formal, order overruling the demurrer on April 29, 1925, and from that order the defendant has appealed, upon exceptions which raise practically the same questions raised by the demurrer.

The Sheriff of Dorchester County had undertaken a gratuitous service for the plaintiff; he sent a message to him relating to that service, and very properly sent it "collect", as it concerned only the plaintiff, who was under an obligation to pay for it. It was not paid for on delivery, the agent accepting the statement of the plaintiff's wife that he would call and pay for it. Five days later, still not having been paid for, the agent at St. Matthews, in order to insure collection, wired the agent at Summerville that it had not been paid for, with the manifest purpose of having collection made from the sender of the message, who was legally responsible for the tolls in case the addressee failed to pay.

The objectionable portion of the message is "Party promised to pay and refused"; and the main question is, Are

those words libelous *per se?* If they are not, it is clear that no special damages are alleged, and no extrinsic circumstances are alleged which would render libelous *per se* words which otherwise are not, and the complaint is, therefore, demurrable. The complaint does not allege that the charge was false, and the allegations of willfulness and wantonness, and that the publication "was slanderous and libelous and was of such tenor as to impugn the integrity, honor, and character of the plaintiff, and to hold. him up, to the criticism and obloquy of the public and to injure his business and occupation," are but the conclusions of the pleader and add nothing.

We are satisfied with the law as thus declared in the case of *Nichols v. Daily Reporter Co.,* 83 P., 573; 30 Utah, 74; 3 L. R. A. (N. S.), 339; 116 Am. St. Rep., 796; 8 Ann. Cas., 841:

"We then have the question reduced to the following proposition: To write and publish of one not a trader or merchant, and not of or concerning his business or affairs, that he is indebted to another, and, though able to pay, has neglected or refused to do so, is that such an impeachment of honesty, or does it import such degradation of morals or character, or expose him to public hatred or ridicule, or tend to disgrace him, as a Court can say its publication necessarily must, in fact, or, by a presumption of evidence, occasion damage and pecuniary loss to him, and, therefore, he was relieved from otherwise alleging or proving any? We think not."

It adds nothing to the enormity of the offense to charge that the plaintiff promised to pay and then refused; for the obligation resting upon him constituted an implied promise.

The judgment of this Court is that the order appealed from be reversed, and that the complaint be dismissed.

MESSRS. JUSTICES WATTS, BLEASE and STABLER, and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.