14274

SAWYER v. UNITED CIGAR STORES *ET AL.*

(185 S. E., 38)

September, 1935.

*Messrs. C. T. Graydon* and *J. B. McLaughlin,* for appellant,

*Messrs. Tompkins & Tompkins,* for respondent,

April 8, 1936.

*Per curiam.*

This is an action for damages on account of certain alleged slanderous words spoken of and concerning the plaintiff by the defendant, William G. Sigmon, as the agent and representative of the United Cigar Stores. The complaint alleges that Sigmon was the manager of his codefendant's store in the City of Columbia and was charged, among other things, with the authority of operating and protecting a slot or amusement machine; that about November 19, 1934, the plaintiff entered this store for the purpose of making purchases, and was engaged in playing the amusement machine when the defendant Sigmon, acting in the scope of his authority, approached him and said, in the presense of a number of people: "Sawyer, you can't play that machine that way. You are cheating it. You get out of here and stay out." It was also alleged by innuendo that the defendants, by these statements, intended to and did charge the plaintiff with the commission of a crime. Only general damages were asked for.

On trial of the case, Judge Oxner granted a nonsuit on the ground that the words used were not slanderous *per se,* that there was no evidence whatsoever that they were spoken of the plaintiff in connection with his business—he was an insurance salesman and agent—and that there was no allegation or proof of special damages. From the Court's order this appeal is taken.

While we have carefully considered the several questions raised by the exceptions, we deem it unnecessary to discuss them at length. It is sufficient to say that an examination of the record and of the authorities cited clearly shows that the trial Judge was entirely correct in his holdings and conclusions, and that the nonsuit was properly granted. Under the pleadings and the evidence, as stated by him, it appears that this case is ruled by *Galloway v. Cox,* 172 S. C., 101, 172 S. E., 761. See, also, *Bell v. Clinton Oil Mill,* 129 S. C., 242, 124 S. E., 7; Newell on Slander and Libel, 123, 17 R. C. L., 290.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.