14808

WHITAKER v. SHERBROOK DISTRIBUTING CO.

(200 S. E., 848)

244

*Messrs. Benet, Shand & McGowan,* for appellant, 

*Messrs. Cooper & Maher,* for respondent, 

January 23, 1939.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The respondent in this action sought to recover damages for an alleged libel, based upon the following language referring to him, contained in a letter circulated and published by the appellant: "Whitaker has been very lax, and, in our opinion, his negligence is a form of dishonesty. Had he acquainted us with the facts, we would not have permitted withdrawals. We hope he recognizes and acknowledges his liability, and intends to continue working until he pays us back."

The record before us does not include the evidence, but contains only the complaint, the answer, the Judge's charge, and the exceptions. The trial resulted in a judgment for the respondent, and the appellant appeals upon one ground, which relates to an alleged error in the instructions given by the trial Judge to the jury. From a lengthy and comprehensive charge upon the issues involved in the case, the appellant points to the following excerpt as containing an incorrect proposition of law: "It is not necessary that he should show a pecuniary loss, in fact, it is wholly immaterial whether a definite loss can be given, for it is difficult to attach a definite, certain pecuniary loss to such elements as the

loss of reputation or character, or the expulsion of one from the society of his friends and acquaintances."

The appellant concedes that the alleged defamatory words written and published by the appellant with reference to the respondent are libelous *per se,* but it contends that the trial Judge erred in the quoted charge in specifically referring to elements of damage as to which there was no proof, and that by so doing he conveyed to the jury the impression that such elements were present in the case for their consideration. It appears from an examination of the briefs of appellant and respondent that there was an absence of proof as to the elements of damage referred to in the challenged instruction.

The real issue before us, we take it, is whether or not the kind and character of damage mentioned may properly come under the head of general damages.

In order to render words libelous *per se,* their injurious character must appear upon their face. The nature of the language used must be such that the Court can legally presume without proof that the plaintiff has been damaged as a natural, necessary, and proximate consequence from the use of the words employed in the publication. The words must be of such a character that a presumption of law will arise therefrom that the plaintiff has been degraded in the estimation of his friends or of the public, or has suffered some other loss either in his property, character, reputation or business or in his domestic or social relations. *McClain v. Reliance Life Insurance Co.,* 150 S. C., 459, 148 S. E., 478; *Duncan v. Record Pub. Co.,* 145 S. C., 196, 143 S. E., 31.

Therefore, the real practical test, by which to determine whether special damage must be alleged and proven in order to make out a cause of action for libel, is whether the language is such as necessarily must, or naturally and presumably would, occasion the damages in question.

The same principle is expressed as follows in 17 R. C. L., 430: "General damages in actions for libel and slander have been defined as those which the law presumes must naturally, proximately, and necessarily result from the publication in question. They are such damages as are recoverable without proof of special damage. The following elements may be taken into consideration in assessing such damages: injury to feelings, mental suffering, injury to character and reputation, and similar injuries, incapable of definite money valuation; the nature of the imputation, including the time, manner and language in which the charge was made, and the character, condition and influence of the parties. * * *"

Under the authorities we think it undoubtedly true that it could be presumed as a matter of law that the respondent suffered damages to his reputation and character by reason of the libelous language charged to the appellant, and that damage of this character would be implied without the necessity of proof.

That portion of the challenged instruction relating to social ostracism, if error, we think was harmless. It would not be reasonable to conclude that it had any serious influence on the verdict.

The charge complained of was immediately followed by this explanation on the part of the trial Judge: "Those illustrations are merely used to illustrate the nature of the principle to which reference has been made, but such damages must flow directly and naturally and proximately from the charge made. It is presumed that when the words written are libelous *per se,* that damage will result. That presumption of the law is based upon the knowledge of the fact that men situated in society as they are, bound together by a complication of relations and duties and obligations to each other, each more or less dependent upon the other, that when a charge is made of that character, damage will in the ordinary natural course of things result. That is the theory upon which general damages are awarded where

words are used that are actionable *per se,* that is to say, libelous *per se."*

Furthermore, if the charge was directed to an issue which the Court improperly assumed to be made by the pleadings or the proof, it was incumbent on appellant's counsel to call the Court's attention to its mistake. *Duncan v. Record Pub. Co., supra; Gill v. Ruggles,* 95 S. C., 90, 78 S. E., 536.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate on account of illness.