**William G. SMITH, Plaintiff,**

v.

**PHOENIX FURNITURE COMPANY, Defendant.**

**Civ. A. No. 71–971.**

United States District Court,
D. South Carolina,
Columbia Division.

March 21, 1972.

Roy E. Garris, of Garris & Garris, Columbia, S. C., for plaintiff.

R. Bruce Shaw, of Nelson, Mullins, Grier & Scarborough, Columbia, S. C., for defendant.

## ORDER

HEMPHILL, District Judge.

Defendant moves for a summary judgment in its favor, contending that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.

The plaintiff's Complaint alleges that the defendant, by and through two of its employees, accused the plaintiff of being his brother, Boykin E. Smith, and further stated that the plaintiff was trying to beat the Phoenix Furniture Company out of money which was owed and called the plaintiff a "bastard" and a "son-of-a-bitch".[1] Plaintiff seeks recovery of defendant on the basis of the alleged slanderous remarks. The defendant, in its Answer, denied the material allegations of the plaintiff's Complaint, and

1. The Complaint alleges that plaintiff, mistaken for his brother, was called both terms. In his deposition plaintiff testified that " . . . the big guy said, "Well, you bastard, go ahead and call the law." The wife and mother-in-law, only known witnesses for plaintiff, only heard the word "bastard" used.

set up as an additional defense that the plaintiff's Complaint failed to state facts sufficient to constitute a claim for relief. The parties have engaged in the various discovery procedure provided under the Federal Rules of Civil Procedure, and defendant seeks judgment on the basis of the pleadings and discovery material.

The defendant's position is three-fold:

(1) The words alleged are not actionable *per se*, and, therefore, plaintiff may not recover in the absence of proof of special damages;

(2) The words alleged amount to nothing more than vulgar name-calling and would not be understood by reasonable persons to amount to anything else, and, therefore, the words would not be defamatory; and

(3) That while the words were spoken to the plaintiff, they were not spoken of him.

At the hearing before the court plaintiff's counsel admitted that the words spoken are not actionable *per se*. This is obvious. In South Carolina words are actionable *per se* when they falsely or maliciously charge the commission of a crime, or which distinctly assume or imply one has committed a crime, or which raise a strong suspicion in the minds of hearers or readers, that one has committed a crime, or which plainly and falsely charge the contraction of a contagious disease, adultery or a want of chastity or unfitness in the way of a professional trade. Lesesne v. Willingham, 83 F.Supp. 918 (D.C.S.C. 1949); Matthews v. United States Rubber Co., D.C., 219 F.Supp. 831, aff'd 332 F.2d 597 (4th Cir. 1963). Such words being actionable *per se*, the plaintiff need not plead or prove any "special" damage in order to maintain his action. However, if the alleged defamatory words do not fall into the above categories, they are not actionable *per se*, and

plaintiff may only proceed with his suit if he is able to prove that he sustained some "special" damage. Lesesne v. Willingham, supra; Renew v. Serby, 237 S. C. 116, 115 S.E.2d 664 (1960); Drakeford v. Dixie Home Stores, 233 S.C. 519, 105 S.E.2d 711 (1958). The words alleged in the plaintiff's Complaint, and testified to by plaintiff, his wife, and his mother-in-law, do not charge plaintiff with the commission of any crime, the contraction of a contagious disease, or unfitness in his profession or trade, and, therefore, are not actionable *per se*. Therefore, unless the plaintiff is able to show that he has sustained some "special" damage, the defendant's Motion for Summary Judgment should be granted. Special damages in the context of libel or slander, are damages with respect to the property, business, profession or occupation which are computable in money. Such special damages must be a loss of money or some other material temporal advantage capable of being assessed at monetary value. Mell v. Edge, 68 Ga.App. 314, 22 S.E.2d 738 (1942); Sandifer v. Electrolux Corp., 172 F.2d 548 (4th Cir. 1949). It is clear from the depositions [2] of the plaintiff and his wife, and plaintiff's answers to defendant's interrogatories numbers 23 and 24, that the plaintiff has sustained no pecuniary loss or actual damage. Therefore, an essential element of his claim for relief is missing.

The second ground of defendant's position is that even if the alleged slanderous words were spoken, they were spoken and understood as nothing more than name-calling uttered in anger. Plaintiff's Complaint alleges that the words were spoken in a rude and angry manner. Plaintiff, his wife and his mother-in-law all testified that defendant's agent was angry, and that the plaintiff became angry. A reasonable construction of the testimony given by the plaintiff and his wife [3] and mother-

2. The record reflects that plaintiff's reputation (according to his deposition) was not hurt.

3. From the deposition of Mrs. Smith:
   "Q. Did you believe anything that the man said about your husband?
   A. No. I know better than that.

in-law is that they did not understand the words spoken as being other than words uttered in anger. Plaintiff's wife and mother-in-law testified in their depositions that they did not believe the words spoken to plaintiff. Dean Prosser, in his treaties on The Law of Torts at Page 576 states:

A certain amount of vulgar name-calling is tolerated, on the theory that it will necessarily be understood to amount to nothing more. It may be significant that most of the cases have involved slander, which would not have been actionable in any event without proof of special damage; but there are occasional decisions in which what would otherwise be clearly defamatory has been dismissed as only hasty, ill-tempered abuse.

Under similar facts as presented by this case (newspaper published referring to "those bastards") the Fifth Circuit Court of Appeals in the case of Curtis Publishing Co. v. Birdsong, 360 F.2d 344 (1966) quoted with approval as follows:

"Judge Harrington speaking for the Court of Errors and Appeals of Delaware in Rice v. Simmons, 1838, 2 Del. (2 Harr.) 417, 429, long ago stated it to be the rule:

' . . . That mere general abuse and scurrility, however, illnatured and vexatious, is no more actionable when written than spoken, if it does not convey a degrading charge or imputation. Against all such attacks, a man needs no other protection than a good character; and the law will not suppose that damage can happen to such a character from the pointless arrows of mere vulgarity.' "

This is still the law.

It appears that the plaintiff's case falls within the category referred to by Prosser and the *Curtis Publishing Co.* case. While no one would condone the actions of defendant's agents, if the plaintiff's allegations be true, it does not appear that the altercation between plaintiff and defendant's agent was other than an angry one or that the words were understood to be other than words stated in anger. See, Notarmuzzi v. Shevack, Sup., 108 N.Y.S.2d 172 (1951); Vinson v. O'Malley, 25 Ariz. 552, 220 P. 393. It does not appear that anyone who heard the words alleged spoken understood them in a defamatory sense.

■ The third position taken by the defendant is that while the alleged words were spoken to the plaintiff, they were not spoken of him. The Complaint alleges that the defendants "accused" plaintiff of being his brother, Boykin Smith. Plaintiff, his wife and his mother-in-law all state that plaintiff was never able to convince the defendant's agent that he was other than Boykin Smith. In order to justify the maintenance of a suit for slander, it is necessary that the slanderous words should have been published concerning the plaintiff and should have been understood by the persons hearing the alleged slanderous remarks to have concerned the plaintiff. Golden North Airways v. Tanana Publishing Co., 218 F.2d 612, 15 Alaska 303 (9th Cir. 1955); DeHusson v. Hearst Corporation, 204 F.2d 234 (7th Cir. 1953); Fetler v. Houghton Mifflin Co., 364 F.2d 650 (2nd Cir. 1966). It appears from the record before the court that while the words may have indeed been spoken to the plaintiff, they were not spoken of him.

■ Furthermore, it appears that, reckoning in favor of plaintiff that punitive damages may be an issue for the jury, under no concept of this case can an award of $10,000 be justified. No such damage exists. The jurisdictional amount must of course be met and without the same the court must dismiss. St. Paul Mercury Indemnity Co. v. Red Cab Co. (1938) 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, recites the applicable rule:

"The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the

claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." At 288–289, 58 S.Ct. at 590.

South Carolina has long recognized the right to punitive damages in certain tort cases involving a deliberate wrong [4] and under the *Erie* rule [5] this court is bound to honor the substantive law of South Carolina.

Before this court, however, are the facts of the case, as reflected by the discovery and quoted hereinabove. This court has attempted to follow what was said in Hilton v. Dickinson (1883), 108 U.S. 165, 2 S.Ct. 424, 27 L.Ed. 688, 691:

"It is undoubtedly true that until it is in some way shown by the record that the sum demanded is not the matter in dispute, the sum will govern in all questions of jurisdiction, but it is equally true that when it is shown that the sum demanded is not the real matter in dispute, the sum shown, and not the sum demanded, will prevail."

This court is therefore constrained to hold that when the action was originally instituted, the demand of plaintiff controlled, but the sum sued for does not control where it is apparent to a legal certainty that plaintiff cannot recover, or is not entitled to recover, as much in damages as the jurisdictional requisite makes necessary to give this court jurisdiction. Jurisdictional amount is clearly absent in this case.

It is this court's opinion, from the foregoing authorities, that the defendant's Motion for Summary Judgment should be granted. In addition, the action must fall in this forum for failure to satisfy the jurisdictional limitation of 28 U.S.C. § 1332.

The Clerk will enter judgment in favor of the defendant on the Motion for Summary Judgment; the Complaint is dismissed.

And it is so ordered.

---

4. Davenport v. Woodside Cotton Mills (1954), 225 S.C. 52, 80 S.E.2d 740, 744.

5. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 (1938).