20734

Donald C. CAPPS, Respondent, v. Henry F. WATTS, Appellant.
(246 S. E. (2d) 606)

278

*William H. Davidson,* and *Donald V. Richardson, III,* and *Charles E. Carpenter, Jr.,* of *Richardson, Plowden, Grier & Howser,* Columbia, *for appellant.*

*Robert F. Fuller,* of *Rogers, McDonald, McKenzie, Fuller & Rubin,* Columbia, *for respondent.*

August 3, 1978.

RHODES, Justice:

This appeal involving an action for libel is from an order of the lower court overruling the defendant's demurrer to the complaint. The defendant contends that his reference to the plaintiff as a "paranoid sonofabitch" does not, on its face, give rise to a cause of action, the words being simply words of abuse and scurrility. He further asserts that, even if these words can be construed as libelous by reason of extrinsic circumstances, they are not actionable without the pleading of special damage and that the plaintiff has failed to plead such special damage as is legally sustainable. Finding that this language is, by reason of the extrinsic circumstances, reasonably susceptible of libelous construction, and is actionable without pleading special damage, we sustain the overruling of the demurrer.

The allegations set out in the complaint which are material to our disposition of this appeal are as follows: The plaintiff, who is legally blind, has long been involved in activities directed toward the improvement of the quality of life for blind individuals. He serves currently as First Vice-President of both the National and State Chapters of the National Federation of the Blind, an eleemosynary corporation organized and existing for the purpose of promulgating programs and assisting in the administration of existing programs for the welfare of blind citizens.

As a result of these activities, the plaintiff has been associated with the defendant in such work, the defendant being Executive Director of the South Carolina Commission for the Blind, a State agency. The plaintiff and defendant on occasion have taken opposing public and private positions with regard to the implementation and administration of programs for the blind. In June 1977, the defendant, while being interviewed by a newspaper reporter who was preparing a series of newspaper articles on the work of the South Carolina Commission for the Blind, acknowledged that he had previously referred to the plaintiff as a "paranoid sonofabitch", stating: "I don't believe I ever called Don Capps [the plaintiff] a paranoid bastard. I called him a paranoid sonofabitch". He further told the reporter she could quote him and the statement was subsequently included in an article which appeared in The State newspaper.

The complaint alleges that the defendant's remarks are libelous and that, in addition to general damages to plaintiff's reputation, he has incurred special damage in that his wife has suffered emotional distress and was required to consult a physician and take prescription medications, the expense of which is the responsibility of the plaintiff.

The appellant contends the plaintiff has failed to state a cause of action because (1) the words "paranoid sonofabitch" are not libelous on their face, being mere words of abuse and scurrility, and (2) even if the words are capable

of a defamatory meaning when viewed in light of the extrinsic circumstances, there is no allegation of legally cognizable special damage, an allegation of legally cognizable special damage, he alleges, being necessary to maintain an action for libel *per quod*.

Given these exceptions, our inquiry is twofold and we must determine: (1) Whether the words complained of are libelous either on their face or by reason of extrinsic facts; and (2), if the words are libelous on their face or by reason of extrinsic facts, whether they are actionable. If a publication is not both libelous and actionable, a cause of action for libel cannot lie. *McGregor v. State Co.,* 114 S. C. 48, 103 S. E. 84 (1920) (elements of actionable libel).

To be libelous the words, on their face or by reason of extrinsic facts, must tend to impeach the reputation of the plaintiff, *McGregor v. State Co., supra,* or, as often stated, they must tend to injure reputation, *see* Prosser, *Law of Torts,* p. 739 (4th Ed. 1971); Restatement (Second) of Torts § 559 (1977). To be actionable, the libel, as a result of its tendency to impeach or injure the plaintiff's reputation, must thereby injure him. *McGregory v. State Co., supra.* The injury, if any, which results from the libel is in the form of "general damages" or "special damage". "General damages" are those damages which the law presumes, without proof, to have resulted from the publication of the libel. "Special damage" is actual damage and must be pled and proved. Damages in at least one of these forms must be present to render a libel actionable. If the libelous publication is actionable without the pleading and proof of special damage, it is said to be "actionable *per se*". If special damage must be pled to maintain an action, the defamation is "actionable *per quod*".

Turning to the present case we must first determine whether the defendant's characterization of the plaintiff is capable of a libelous meaning. We agree with

the defendant that the words "paranoid sonofabitch" are words of abuse and scurrility and that such words, on their face, are not, as a general rule, considered defamatory, *see Curtis Publishing Co. v. Birdsong*, 5 Cir., 360 F. (2d) 344 (1966); *Smith v. Phoenix Furniture Co.*, 339 F. Supp. 969 (D. S. C. 1972); and *Prosser, supra*, pp. 741-2; *cf. Dauterman v. State-Record Co.*, 249 S. C. 512, 154 S. E. (2d) 919 (1967). Nevertheless, when viewed in light of the extrinsic facts which have been pled (the inducement), we conclude that the defendant's remarks are susceptible of a libelous construction. Or, stated technically, the defendant's remarks are libelous *per quod*.

In *Riley v. Askin & Marine Co.*, 134 S. C. 198, 132 S. E. 584 (1926), a publication was defined as libelous if it tends to impeach or injure the plaintiff in his office, business or occupation. Given the parties' respective offices, relationship, disagreements over policy and the fact that the defendant made his remarks in connection with an interview relating to the conduct and implementation of programs for the blind, it may be readily inferred that the remarks were intended to impute personality traits and judgment deficiencies to the plaintiff which are incompatible with the proper exercise of the duties of his offices with the National Federation for the Blind. The fact that the defendant's remarks upon their face are mere words of abuse and scurrility does not change the result. It is not the words alone but the circumstances surrounding their publication which renders them susceptible of a libelous construction. It is for the jury to determine whether they were used in a libelous sense given the circumstances.

Having held that the defendant's remarks are capable of a libelous construction by reason of extrinsic facts, we must now determine whether they are actionable. The defendant asserts that, even if his remarks could be deemed libelous *per quod* by way of inducement and innuendo.[1] they are not

---

[1] The defendant has not questioned the plaintiff's compliance with the pleading requirement of an innuendo and we, therefore, do not treat the issue.

actionable because an allegation of special damage is necessary to render a *per quod* libel actionable and the plaintiff has failed to allege any legally cognizable special damage.

We agree with the defendant that the special damage ■■ asserted—the expense of medical treatment for the plaintiff's wife—does not constitute legally cognizable special damage. The very essence of an action for defamation is that the plaintiff has suffered damage as a result of the injurious effect of the defamation upon his reputation. *See, Prosser, supra,* p. 737, fn. 5; and 50 Am. Jur. (2d), Libel and Slander § 1 (1970). Special damage is simply a manifestation of this injurious effect which is "computable in money * * * [or is] * * * capable of being assessed at monetary value," *Smith v. Phoenix Furniture Co., supra,* 339 F. Supp. at 971. We fail to see the expense of the medical treatment for plaintiff's wife as a cognizable manifestation of the injurious effect of the defamation upon plaintiff's reputation.

However, we do not agree with the defendant's contention that an allegation of special damage is necessary to render a *per quod* libel actionable.

Under the English common-law rule, any libelous ■ imputation was actionable without the necessity of pleading special or actual damage. *Prosser, supra,* p. 762. In a departure from the English common-law rule, some jurisdictions have adopted the rule advocated by the defendant. *Id.* at p. 763. Although South Carolina has also departed from the common-law rule, the law of this state, as we interpret it, does not require the pleading of special damage simply because a publication is libelous only by reason of extrinsic circumstances.

As we have pointed out earlier, the element which ■■■ determines if a publication which is libelous is actionable is whether the plaintiff was injured by the libel. This injury, if any, will be in the form of general damages or special damage. It makes no difference which form

of damage the injury takes. The existence of either renders a libelous publication actionable. As we have stated above, the only difference is that general damages are those which the court can legally presume, without proof, the plaintiff to have suffered as a consequence of the libelous publication, while special damage is actual damage which must be pled and proved by the plaintiff, *Whitaker v. Sherbrook Dist. Co.,* 189 S. C. 243, 200 S. E. 848 (1939). The test of whether special damage must be pled and proved to render a libelous publication actionable is simply that of whether the law can presume that the libelous publication occasioned general damages. If general damages can be legally presumed, the pleading of special damage is not necessary to maintain an action.

The defendant, however, relying on certain language found in *Brown v. National Home Ins. Co.,* 239 S. C. 488, 123 S. E. (2d) 850 (1962), contends that the law of this state requires the pleading of special damage to render a publication actionable when it is libelous only by reason of extrinsic facts. In *Brown,* the Court, after finding a letter alleged to be defamatory was not libelous *per se,* stated: "In publications which are libelous *per quod,* the innuendo and special damages must be alleged and proved." 239 S. C. at 493, 123 S. E. (2d) at 852. However, after a close reading of *Brown* and a thorough examination of the case law of this state, we are convinced, for the reasons set forth below that this isolated statement cannot be taken literally so as to have the effect of overruling the settled law of this state as contained in prior decisions. As evidenced by such cases as *Prickett v. Western Union Telegraph Co.,* 134 S. C. 276, 132 S. E. 587 (1926) and *Costas v. Florence Printing Co.,* 237 S. C. 655, 118 S. E. (2d) 696 (1961),[2]

---

[2] In *Prickett* and *Costas,* the term "libelous *per se*" has been used in several instances interchangeably with the term "actionable *per se*". The two terms are not synonymous, however, in the law of defamation. "Actionable *per se*" simply means that a libelous publication, whether libelous on its face or by reason of extrinsic facts, is actionable without the pleading of special damage. "Libelous *per se*" means that a publication is both (1) libelous on its face *and* (2) actionable on its face

it has long been the law of this state that, if a publication is not actionable on its face, special damage *or* extrinsic facts may be pled to render it actionable. This "special damage *or* extrinsic facts" rule accords with what we have previously stated concerning actionability. If a libelous publication is not actionable on its face by reason of the fact that a presumption of damage does not arise from the language of the publication itself, the plaintiff must allege such extrinsic facts as will, when combined with the language used, give rise to a legal presumption of general damages *or* he must show that he was actually damaged by pleading and proving special damage. This being the case it does not follow as defendant asserts, that simply because a publication is libelous only by reason of extrinsic facts, special damage must be pled.

In our view *Brown* was not intended to overrule these established principles.

The bare statement in *Brown* that a *per quod* libel necessitates the pleading of special damage is in direct conflict with other language in the case. The "special damage *or* extrinsic facts" rule was stated with approval in *Brown* citing *Prickett v. Western Union, supra,* 239 S. C. at 493, 123 S. E. (2d) 587. At another point in the opinion, in referring to the actionable character of libels *per se* as against that of libels *per quod,* the *Brown* Court stated: "A libel *per se* is one which is actionable on its face. A *per quod* libel, however, is one not actionable on its face, *but* becomes so [*i.e.,* actionable] *by reason of* the peculiar situation or occasion upon which the words are written." 239 S. C. at 491, 123 S. E. (2d) at 851 (citations omitted) (emphasis ours). This, of course, contradicts the Court's later statement relied upon by appellant that a *per quod* libel becomes actionable only by reason of pleading special damage. We do not feel the state-

---

without the pleading of special damage. We point this out to emphasize the care which must be exercised in analyzing the *Prickett* and *Costas* cases and, indeed, any case on the subject of defamation since defamation terminology is often used in different sense by different courts, 50 Am. Jur. (2d), Libel and Slander § 2 (1970).

ment in *Brown* relied upon by the defendant can be deemed to have overruled prior established case law when the *Brown* Court itself has directly contradicted the statement with other language, especially when the other language accords with the earlier decisions. Undoubtedly, had the *Brown* Court intended to overrule the prior decisions of this Court, it would have expressly done so.

Having disposed of the defendant's contention that ▇▇▇▇ a libel *per quod* requires the pleading of special dam- age to render it actionable, we conclude that the libelous publication in the present case is actionable without the pleading and proof of special damage because, by reason of the circumstances under which the defamation was published, we "can legally presume without proof that the plaintiff has been damaged as a natural, necessary and proximate consequence" of the publication, *Whitaker, supra,* 200 S. E. at 849. In determining whether a publication is actionable by reason of a presumption of general damages, the court looks to the inference of hurt which arises from publication as established by the general consent of men. *Costas v. Florence Printing Co., supra; McGregor v. State Co., supra; Galloway v. Cox,* 172 S. C. 101, 172 S. E. 761 (1934). In the present case it is reasonable to presume that the defendant's characterization of the plaintiff both injured his reputation and cast doubt upon his mental competence, thereby having a detrimental effect on the discharge of the plaintiff's duties with the National Federation of the Blind. The publication of the libel may be presumed to have destroyed or impaired the effectiveness of his leadership as a spokesmen for the blind citizens he represents. Although each case must rest upon its "own bottom", *Galloway v. Cox, supra,* 172 S. E. at 762, this Court has previously held libelous and actionable without the pleading of special damage imputations of conduct or characteristics incompatible with a person's office, trade or profession. *Nash v. Sharper,* 229 S. C. 451, 93 S. E. (2d) 457 (1956). This is in accord with the majority of jurisdictions in this country. *See, Prosser, supra,* p. 763.

Concluding that the defendant's remarks are capable of a defamatory construction from which it can be presumed the plaintiff suffered injury, we affirm the lower court's order overruling the demurrer.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.