# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Amy Garrard and Lee Garrard, Guardians Ad Litem for R.C.G., a Minor; Dean Frailey and Kathryn Frailey, Guardians Ad Litem for C.F., a Minor; Richard Nelson and Cheryl Nelson, Guardians Ad Litem for D.G.N., a Minor; Adam Olsen Ackerman; and A.E.P. III, Plaintiffs,

v.

Charleston County School District, Kevin Clayton, Axxis Consulting Company, and Jones Street Publishers, LLC, Defendants,

and

Eugene H. Walpole, Plaintiff,

v.

Charleston County School District, Kevin Clayton, Axxis Consulting Company, and Jones Street Publishers, LLC, Defendants,

of whom Eugene H. Walpole; Amy Garrard and Lee Garrard, Guardians Ad Litem for R.C.G., a Minor; Dean Frailey and Kathryn Frailey, Guardians Ad Litem for C.F., a Minor; Richard Nelson and Cheryl Nelson, Guardians Ad Litem for D.G.N., a Minor; Adam Olsen Ackerman; and A.E.P. III, are the Petitioners.

and

of whom Jones Street Publishers, LLC is the Respondent.

Appellate Case No. 2020-000605

————————

Appeal from Charleston County
Jean Hoefer Toal, Acting Circuit Court Judge

Opinion No. 28155
Heard December 14, 2022 – Filed May 31, 2023

**AFFIRMED IN RESULT**

John E. Parker and John Elliott Parker Jr., both of Parker
Law Group, LLP; and William Franklin Barnes III, of
Barnes Law Firm, LLC, all of Hampton, for Petitioners.

Wallace K. Lightsey and Meliah Bowers Jefferson, both
of Wyche, PA, of Greenville, for Respondent.

**ACTING CHIEF JUSTICE KITTREDGE:** We granted a writ of certiorari to review the court of appeals' decision in *Garrard ex rel. R.C.G. v. Charleston County School District*, 429 S.C. 170, 838 S.E.2d 698 (Ct. App. 2019). We affirm in result.

We refer to the court of appeals' opinion for a full recitation of the facts and legal issues. In sum, Petitioners filed a defamation action against Respondent, alleging Respondent published a series of articles that included defamatory statements about Petitioners in connection with a controversial post-game ritual performed by members of the Academic Magnet High School football team during their 2014-2015 season. The trial court granted summary judgment in favor of Respondent, and the court of appeals affirmed.[1]

---

[1] Rule 56(c), SCRCP (stating summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *see also Fleming v.*

Petitioners raise six challenges to the grant of summary judgment. Several of Petitioners' arguments have at least ostensible merit. For example, Petitioners correctly contend that calling someone a racist can be defamatory depending on the context. In this regard, we reject any suggestion that calling someone a racist can never be defamatory. *See* 50 Am. Jur. 2d *Libel and Slander* § 200 (2017) ("Courts have readily held allegations of racism . . . to constitute libel per se, at least when founded on specific incidents."); 3 Dan. B. Dobbs et. al., *The Law of Torts* § 572 (2d ed. 2011) ("While 'racist' is sometimes said to be mere name-calling and not actionable in some contexts, the term can be actionable where it plainly imputes acts based on racial discrimination." (footnote omitted)); *MacElree v. Phila. Newspapers, Inc.*, 674 A.2d 1050, 1055 (Pa. 1996) ("Although accusations of racism have been held not to be actionable defamation, it cannot be said that every such accusation is not capable of defamatory meaning as a matter of law.").[2]

While we could review Petitioners' other challenges that call into question the grant of summary judgment, we decline to do so for the simple reason that Petitioners fall short on the element of damages. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (recognizing an appellate court need not address remaining issues when the resolution of one issue is dispositive). Even when the evidence is viewed in a light most favorable to Petitioners, there is no genuine issue of material fact as to the element of damages. Because the allegedly libelous statement involved an issue of public controversy or concern and was

---

*Rose*, 350 S.C. 488, 493–94, 567 S.E.2d 857, 860 (2002) ("When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party.").

[2] *See also, e.g.*, *La Liberte v. Reid*, 966 F.3d 79, 93 (2d Cir. 2020) ("[The defendant] did not merely accuse [the plaintiff] of being 'racist' in some abstract sense. Rather, [the defendant's social media post] could be understood as an accusation of concrete, wrongful conduct, which can be proved to be either true or false. That makes it potentially defamatory." (cleaned up)); *Taylor v. Carmouche*, 214 F.3d 788, 793 (7th Cir. 2000) (holding a statement that a person is "a racist" is defamatory and acknowledging that whether someone is racist or practices racial discrimination in the workplace is a mundane issue of fact that is litigated every day); *cf. Capps v. Watts*, 271 S.C. 276, 281–83, 246 S.E.2d 606, 609–10 (1978) (recognizing that mere name calling and words of abuse are generally not considered defamatory but holding such remarks may be capable of libelous construction by reason of extrinsic facts).

published by a media defendant, the common law presumption of general damages did not apply, and it was incumbent on Petitioners to show actual injury attributable to Respondent's publications. *Erickson v. Jones St. Publ'rs, L.L.C.*, 368 S.C. 444, 466, 629 S.E.2d 653, 665 (2006) ("[I]n a case involving an issue of public controversy or concern where the libelous statement is published by a media defendant, the common law presumption[] . . . [that] the plaintiff suffered general damages do[es] not apply. *Instead, [the plaintiff is required to] show 'actual injury' in the form of general or special damages*." (emphasis added) (citations omitted)). Having carefully reviewed the record, the best that can be said of Petitioners' evidence is that their damages are speculative and, therefore, insufficient as a matter of law.

Viewing the evidence in a light most favorable to Petitioners, we affirm in result the decision of the court of appeals regarding the entry of summary judgment due to Petitioners' failure to present evidence (beyond mere speculation) in proof of their injuries. We affirm the court of appeals' decision on this basis alone, and we vacate the balance of the court of appeals' opinion.

**AFFIRMED IN RESULT.**

**FEW, JAMES, JJ., and Acting Justices Kaye G. Hearn and Ralph K. Kelly, concur.**