**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bruce Wilson, Appellant,

v.

Megan Riegel, In her Capacity as the CEO and President of the Peace Center for the Performing Arts; and Rueban Hays, In his Capacity as the Executive Director and Founder of the Juneteenth GVL Inc., Defendants,

Of Whom Rueban Hays, In his Capacity as the Executive Director and Founder of the Juneteenth GVL Inc., is the Respondent.

Appellate Case No. 2023-001985

Appeal From Greenville County
Alex Kinlaw, Jr., Circuit Court Judge

Unpublished Opinion No. 2025-UP-156
Submitted April 1, 2025 – Filed May 7, 2025

**AFFIRMED**

Bruce Wilson, of Greenville, pro se.

Ralph Gleaton, of Gleaton Law Firm, PC, of Greenville, for Respondent.

**PER CURIAM:** Bruce Wilson appeals the circuit court's order dismissing his complaint against Rueban Hays, in his capacity as the Executive Director and Founder of the Juneteenth GVL Inc., pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure. On appeal, he argues the circuit court erred in (1) dismissing his claims of defamation and civil conspiracy for failing to state facts sufficient to constitute a cause of action, (2) dismissing his defamation claim because the defamatory statement was merely an insult, and (3) dismissing his civil conspiracy claim after a different circuit court judge found he sufficiently stated a claim against Megan Riegel, in her capacity as the CEO and President of the Peace Center for the Performing Arts. We affirm pursuant to Rule 220(b), SCACR.

Viewing the complaint in the light most favorable to Wilson, we hold the circuit court did not err in granting Hays's 12(b)(6) motion to dismiss Wilson's claim for defamation because Wilson failed to allege Hays (1) made a defamatory statement and (2) published it to a third party. *See Bergstrom v. Palmetto Health All.*, 358 S.C. 388, 395, 596 S.E.2d 42, 45 (2004) ("In deciding whether [a circuit] court properly granted [a] motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief."); *Spence v. Spence*, 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006) ("Under Rule 12(b)(6), SCRCP, a defendant may move to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action."); *id.* ("A motion to dismiss under Rule 12(b)(6) should not be granted if facts alleged and inferences reasonably deducible therefrom entitle the plaintiff to relief under any theory."); *Charleston Cnty. Sch. Dist. v. Harrell*, 393 S.C. 552, 557, 713 S.E.2d 604, 607 (2011) ("In considering a motion to dismiss pursuant to Rule 12(b)(6), SCRCP, the circuit court must base its ruling solely upon the allegations set forth on the face of the complaint."); *Fleming v. Rose*, 350 S.C. 488, 494, 567 S.E.2d 857, 860 (2002) (explaining that to prove defamation, a party must show "(1) a false and defamatory statement was made; (2) the unprivileged statement was published to a third party; (3) the publisher was at fault; and (4) either the statement was actionable irrespective of harm or the publication of the statement caused special harm"); *Capps v. Watts*, 271 S.C. 276, 282, 246 S.E.2d 606, 609 (1978) ("[T]he words "paranoid sonofabitch" are words of abuse and scurrility and that such words, on their face, are not, as a general rule, considered defamatory."); *id.* (explaining, however, "when viewed in light of the extrinsic facts which have been pled . . . the defendant's remarks [may be] susceptible of a libelous construction"); *Cruce v. Berkeley Cnty. Sch. Dist.*, 442 S.C. 1, 15, 896 S.E.2d 765, 772 (2024), *reh'g denied* (Feb. 7, 2024) ("Whether a statement is defamatory is initially a question of law for the court."); *id.* ("A statement may be

deemed non-defamatory as a matter of law only if it is incapable of being interpreted as defamatory by any reasonable construction.").

Further, although the circuit court erred in dismissing Wilson's claim for civil conspiracy on the basis Wilson failed to allege special damages, viewing the complaint in the light most favorable to Wilson, we hold the circuit court did not err in dismissing Wilson's cause of action for civil conspiracy pursuant to Rule 12(b)(6) because Wilson failed to allege an overt act in furtherance of the conspiracy. *See Paradis v. Charleston Cnty. Sch. Dist.*, 433 S.C. 562, 574, 861 S.E.2d 774, 780 (2021) ("[A] plaintiff asserting a civil conspiracy claim must establish (1) the combination or agreement of two or more persons, (2) to commit an unlawful act or a lawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff."); *id.* (holding a cause of action for civil conspiracy requires only "damages proximately resulting to the plaintiff" and *not* special damages). Additionally, we hold the circuit court did not err by dismissing Wilson's cause of action for civil conspiracy even though a different circuit court judge denied Riegel's motion to dismiss because such a denial did not establish the law of the case, and thus did not preclude the court from granting Hays's motion. *See Huntley v. Young*, 319 S.C. 559, 560, 462 S.E.2d 860, 861 (1995) ("The denial of a Rule 12(b)(6) motion does not establish the law of the case nor does it preclude a party from raising the issue at a later point or points in the case.").

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.