**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael Gene Putnam, Appellant,

v.

Robert Henry Purkerson, Respondent.

Appellate Case No. 2022-001432

Appeal From Greenville County
G. D. Morgan, Jr., Circuit Court Judge

Unpublished Opinion No. 2025-UP-188
Submitted April 1, 2025 – Filed June 11, 2025

**AFFIRMED**

Thomas Jefferson Goodwyn, Jr., of Goodwyn Law Firm, LLC, and Charles Grant Blackburn, of CGB Law, LLC, both of Columbia, for Appellant.

Langdon Cheves, III, and Laura C. Tesh, both of Willson Jones Carter & Baxley, P.A., of Greenville, for Respondent.

**PER CURIAM:**  Michael Gene Putnam appeals the circuit court's order which denied his motion to reconsider the order granting Robert Henry Purkerson's motion for summary judgment on Putnam's defamation claim.  On appeal, he

argues the circuit court erred in (1) finding there were no genuine issues of material fact and (2) granting summary judgment without ruling on his motion to amend his complaint. We affirm pursuant to Rule 220(b), SCACR.

1. Viewing the evidence in the light most favorable to Putnam, we hold the circuit court did not err in granting Purkerson's motion for summary judgment. First, the majority of Purkerson's statements were made directly to Putnam and not in the presence of others and thus, were not published. Second, although the remaining statements—both emails—were published, neither contained defamatory statements. The first email merely stated all communications from Putnam should be directed to Purkerson, and thus, was not defamatory. The second email only contained "words of abuse and scurrility," which could not have been construed as defamatory. *See Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002) ("When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the [circuit] court pursuant to Rule 56(c) [of the South Carolina Rules of Civil Procedure]."); *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 459, 892 S.E.2d 297, 299 (2023) ("[T]he moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (alterations in original) (quoting Rule 56(c), SCRCP)); *Fleming*, 350 S.C. at 493-94, 567 S.E.2d at 860 ("When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party."); *Kitchen Planners*, 440 S.C. at 463, 892 S.E.2d at 301 ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine." (quoting *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013))); *Fleming*, 350 S.C. at 494, 567 S.E.2d at 860 (explaining that to prove defamation, a party must show "(1) a false and defamatory statement was made; (2) the unprivileged statement was published to a third party; (3) the publisher was at fault; and (4) either the statement was actionable irrespective of harm or the publication of the statement caused special harm"); *Capps v. Watts*, 271 S.C. 276, 282, 246 S.E.2d 606, 609 (1978) stating "words of abuse and scurrility . . . are not, as a general rule, considered defamatory"); *id.* at 281, 246 S.E.2d at 609 (explaining the inquiry to determine if the statement was defamatory is "(1) [w]hether the words complained of are libelous either on their face or by reason of extrinsic facts; and (2), if the words are libelous on their face or by reason of extrinsic facts, whether they are actionable").

Furthermore, we hold Putnam's argument that Purkerson defamed him by filing an unredacted investigation report on the public index as a part of his motion to

compel discovery was not preserved for appellate review because Putnam did not argue to the circuit court that such publication constituted defamation; rather, he explained to the court that it was a "professional liability issue" that was not related to his defamation claim. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].").

2.  We hold Putnam's argument that the circuit court did not rule on his motion for leave to amend is not preserved for appellate review.  At the summary judgment hearing, after noting that Putnam's motion for leave to amend appeared to have been withdrawn, the circuit court asked Putnam what he wanted to amend his complaint to add, and Putnam ultimately conceded to the court that it was a "professional liability issue" that was unrelated to his defamation action, and he did not further argue to amend his complaint. *See id.* ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court].").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and GEATHERS and TURNER, JJ. concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.